DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **VIRGIN GRAND ESTATES #60 VILLA ASSOCIATION a/k/a VIRGIN GRAND NO. 60 HOMEOWNERS ASSOCIATION,** )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICIES NUMBERED GL-5218-028 AND NO. GL-5740-028; INTER-OCEAN INSURANCE AGENCY, ST. THOMAS, LLC and, RED HOOK AGENCIES, INC.,** )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>**Defendants.** )<br>) | Case No. 3:21-cv-0074 |

**ORDER**

**BEFORE THE COURT** is Defendant Inter-Ocean Insurance Agency's *Motion to Dismiss Under 12(b)(1) for Lack of Subject Matter Jurisdiction Due to Lack of Federal Question*, filed November 18, 2021. (ECF No. 24.) Plaintiff filed a response thereto. (ECF No. 29.) The time for filing any reply has expired. For the reasons stated below, the Court will deny the motion.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff brings this civil action against Defendant Certain Underwriters at Lloyd's, London, ("Lloyd's") alleging breach of contract and breach of the covenant of good faith and fair dealing, among other claims, and against Defendants Inter-Ocean Insurance Agency, St. Thomas, LLC, ("Inter-Ocean") and Red Hook Agencies, Inc., ("Red Hook") alleging negligence and certain breaches of fiduciary and statutory duties. *See* First Amended Complaint ("FAC") at 2 (ECF No. 18). Plaintiff also asserts a RICO claim against all Defendants. *Id*. at 71-72.

As alleged in the First Amended Complaint, Plaintiff claims that, through agents Inter-Ocean and Red Hook, it contracted with Lloyd's for commercial general liability insurance beginning in 2014, and that such insurance policy was renewed annually. FAC at 11 *et seq*.

Plaintiff was sued in January 2020, by an individual who claimed to have suffered personal injuries while working on repairs to Virgin Grand's property on February 23, 2018.

Case: 3:21-cv-00074-RAM-RM   Document #: 59   Filed: 05/09/22   Page 2 of 4

*Virgin Grand Estates #60 Villa Ass'n v. Certain Underwriters at Lloyd's, London et al.*
Case No. 3:21-cv-0074
Order
Page 2 of 5

*Id*. at 17-18. Through Inter-Ocean, Plaintiff requested that Lloyd's defend the action, under its commercial general liability insurance policy. *Id*. at 18. However, Lloyd's declined coverage, informing Plaintiff that it had been uninsured during the period of February 2, 2018, to March 11, 2018 – apparently, the dates between the expiration of Plaintiff's 2017 policy, which had not been renewed, and the effective date of its new 2018 policy. *Id*. Plaintiff acknowledges that Red Hook informed Inter-Ocean in January 2018, that the 2017 policy was set to expire and that Lloyd's was willing to renew the insurance policy. *Id*. at 14. But, Plaintiff alleges, Inter-Ocean did not communicate with Plaintiff about the Lloyd's renewal until March 6, 2018. Further, Plaintiff avers that Plaintiff was under the belief that the application it submitted in March 2018 was a renewal of the 2017 policy, that it believed that the renewal was timely with no gap in coverage, and that Plaintiff never was informed before it received Lloyd's denial of coverage in April 2020 that the policy to which it agreed and for which it paid in March 2018 was a "new" policy, and not a "renewal." *Id*. at 16-23.

According to Plaintiff, the lawsuit was settled. *Id*. at 24. Plaintiff brings this action against Lloyd's for its failure to defend the lawsuit under the policy that Plaintiff believes it timely renewed and against Inter-Ocean and Red Hook for their failure to inform Plaintiff of the expiration date of the 2017 insurance policy and that the 2018 policy was a new policy and not a renewal of the 2017 policy. Plaintiff claims damages for defending the personal injury lawsuit in excess of $90,000.00, not including the settlement amount.

## II. LEGAL STANDARD

Inter-Ocean moves to dismiss this case for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.[1] As this Court has articulated,

> An attack under Rule 12(b)(1) to a court's subject matter jurisdiction can be either a facial or factual attack. *Gould Elecs. Inc. v. United States*, 220 F. 3d 169, 176 (3d Cir. 2000) (citing *Mortensen*, 549 F. 2d at 891). A facial attack—as it is denominated—challenges the sufficiency of the jurisdictional allegations in the complaint on their face. *Petruska v. Gannon University*, 462 F. 3d 294, 302 n.3 (3d Cir. 2006). A facial attack requires that a court "only consider the

---

[1] Federal Rules of Civil Procedure Rule 12 (b) (1) provides: "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction . . . ."

Case: 3:21-cv-00074-RAM-RM   Document #: 59   Filed: 05/09/22   Page 3 of 4

*Virgin Grand Estates #60 Villa Ass'n v. Certain Underwriters at Lloyd's, London et al.*
Case No. 3:21-cv-0074
Order
Page 3 of 5

> allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs*. Inc., 220 F.3d at 176. In a factual attack, a court may consider evidence beyond the complaint and "no presumptive truthfulness attaches to plaintiff's allegations." *Mortensen*, 549 F.2d at 891.

*Callwood v. Ferdi's Forest, Inc.*, Civil Action No. 19-0033, 2021 U.S. Dist. LEXIS 227304, at *6 (D.V.I. Nov. 26, 2021).

Thus, if the Court "lacks subject-matter jurisdiction, the [C]ourt *must* dismiss the action." Fed. R. Civ. P. 12(h)(3) (emphasis added). For such challenges to subject matter jurisdiction, the plaintiff bears the burden of persuasion. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### III. DISCUSSION

Here, in the matter at bar, Defendant Inter-Ocean makes a facial challenge, disputing that Plaintiff asserts allegations sufficient to maintain its RICO claim, the only claim brought pursuant to a federal law or statute. Inter-Ocean bases its motion solely upon lack of federal question jurisdiction. However, Plaintiff asserts subject matter jurisdiction based upon both diversity and federal question jurisdiction. FAC at 5-6. Defendant Inter-Ocean does not address diversity jurisdiction in its motion.

Under Title 28, Section 1332 of the United States Code, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States . . . ." 28 U.S.C. § 1332(a). In matters concerning multiple plaintiffs or multiple defendants, complete diversity requires that "no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010).

To demonstrate diversity jurisdiction, Plaintiff declares the citizenship of each of its members in the First Amended Complaint and clarifies the citizenship of the one non-individual member, Terryhill Enterprises V, LLC, in Plaintiff's Response to the Court's Order to Show Cause (ECF No. 21). The association's members are citizens of the States of Illinois, Tennessee, Iowa, New Jersey, California, Alabama, Pennsylvania, and Missouri. *See* FAC at 3-4; Plaintiff's Response to Order to Show Cause at 2. Defendants are citizens of London,

Case: 3:21-cv-00074-RAM-RM   Document #: 59   Filed: 05/09/22   Page 4 of 4

*Virgin Grand Estates #60 Villa Ass'n v. Certain Underwriters at Lloyd's, London et al.*
Case No. 3:21-cv-0074
Order
Page 4 of 5

England, and the United States Virgin Islands. FAC at 4-5. Inter-Ocean has presented no evidence or arguments to the contrary.

Construing the First Amended Complaint in the light most favorable to Plaintiff, the Court accepts Plaintiff's representations regarding the citizenship of each of Plaintiff's members and Defendants and finds that each member's citizenship is completely diverse from the citizenship of each of the three defendants. In addition, the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction. Consequently, the Court finds that the Plaintiff has met its burden of establishing that subject matter jurisdiction exists over Plaintiff's claims in this action pursuant to 28 U.S.C. Section 1332.

## IV. CONCLUSION

Because the Court finds that Plaintiff has established that the citizenship of each member of the Plaintiff association is completely diverse from the citizenship of each of the Defendants and that the amount in controversy exceeds $75,000, thus fulfilling the requirements for diversity jurisdiction, the Court determines that it has subject matter jurisdiction over the matter. At this juncture, the Court need not address whether Plaintiff's RICO claim is sufficiently pled for the purposes of the motion currently before it. Having found subject matter jurisdiction, the Court will deny Defendant Inter-Ocean's motion to dismiss.

Accordingly, it is hereby

**ORDERED** that Defendant Inter-Ocean Insurance Agency's Motion to Dismiss Under Rule 12(b)(1) for Lack of Subject Matter Jurisdiction Due to Lack of Federal Question, (ECF No. 24), is **DENIED.**

**Dated:** May 9, 2022               */s/ Robert A. Molloy*
                                    **ROBERT A. MOLLOY**
                                    **Chief Judge**