**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

VIRGIN GRAND ESTATES #60 VILLA
ASSOCIATION
                                Plaintiff

v.
                                                        3:21-cv-74

CERTAIN UNDERWRITERS AT LLOYDS,
INTER-OCEAN INSURANCE AGENCY,
ST. THOMAS, LLC, and
RED HOOK AGENCIES, INC.
                                Defendants
_____/

INTER-OCEAN INSURANCE AGENCY,
ST. THOMAS, LLC
                        Third-Party Plaintiff

v.

CIMMARON PROPERTY MANAGEMENT, INC.
                        Third-Party Defendant
_____/

<u>**CIMMARON PROPERTY MANAGEMENT, INC.'S MEMORANDUM IN SUPPORT
OF THE MOTION TO DISMISS**</u>

Third-Party Defendant CIMMARON PROPERTY MANAGEMENT, INC., ("TPD" or "CPM"), submits TPD's Brief in support of TPD's Motion to dismiss the First Amended Third-Party Complaint ("FATPC") of the Third-Party Plaintiff INTER-OCEAN INSURANCE AGENCY, ST. THOMAS, LLC, ("TPP" or "Inter-Ocean").

1.    On 7/15/2022, TPP Inter-Ocean filed the FATPC against third-party defendant CPM at ECF 69, Exhibit A. The FATPC is fourteen paragraphs long, and no exhibits were attached to the FATPC. ECF 69.

2.    The FATPC states, once, that the FATPC is brought "pursuant to Rule 14(a)(1)." The FATPC does not again cite or discus Fed.R.Civ.P. 14.

3.    The FATPC does not allege who it is, what it does, or what it did in relation to the Plaintiff VIRGIN GRAND ESTATES #60 VILLA ASSOCIATION ("VG HOA") or the TPD CPM.

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

4.      The FATPC makes no allegations about the identity of TPP Inter-Ocean, or its relationships to either the Plaintiff, or the TPD CPM.

5.      The FATPC fails to allege any financial, contractual, business or other relationship with VG HOA or TPD CPM.

6.      Even if all the allegations were true in the FATPC, they do not state who TPP Inter-Ocean *is*, and what its relationship is with any other party or nonparty such that it is entitled to relief.

7.      The FATPC alleges and invokes prior litigation involving "Michael Stinchfield …[who] was injured [on February 28, 2018] when he fell off a ladder placed upon a scaffold."[1]

8.      The FATPC alleges that the parties settled the Stinchfield case for consideration by alleging that "Stinchfield's claim was settled for an undisclosed amount on or about May 21, 2021."[2]

9.      The FATPC states that "[TPD] was the property management company of and agent for *Plaintiff* [VG HOA] and its individual members," and alleges no such relationship between TPD and TPP Inter-Ocean.[3]

10.     The FATPC states the word "negligence" twice, alleging that TPD "negligently failed to timely renew *Plaintiff's* … insurance coverage;"[4] and that *plaintiff VG HOA* "incurred financial losses as a direct and proximate result of [CPM]'s negligence."[5]

11.     The FATPC alleges harm to the plaintiff VG HOA only, that TPD's alleged negligence resulted in "such coverage lapsed from the period February 1, 2018 through March 12, 2018, when

---

[1] FATPC at ¶ 10; see Case No. 3:20-cv-00004-RAM-RM (D.V.I.) (the "Stinchfield" case).
[2] FATPC at ¶ 12.
[3] FATPC at ¶ 3.
[4] FATPC at ¶ 8.
[5] FATPC at ¶ 13.

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

coverage was bound under new Lloyd's Policy No. 5740-028, for the coverage period March 12, 2018-19."[6]

12. The FATPC does not allege that TPD negligently did anything to *TPP*, or that TPP incurred financial losses as a direct and proximate result of TPD CPM's negligence. The FATC alleges only duties that the TPD owed directly to the Plaintiff.[7]

13. The FATPC references "Lloyd's general commercial policy of insurance No. 5218-028,"[8] (the alleged "Policy") including "Section IV, Paragraph 9 of the Policy,"[9] but it does not attach a copy of this Policy, the declarations page, or any other documents.

14. TPP admits that "in January and February 2018" it was "operating in crisis mode, with limited resources, and with an overwhelming crush of property damage claims, including claims of dispossessed homeowners … and [TPP]'s capacity to send courtesy-reminders to *policyholders* was impaired."[10]

15. The TPP admits that it failed to send out "courtesy-reminders of policy expiration dates" for the renewal of *Plaintiff's* general commercial liability insurance coverage.[11]

16. In reviewing a motion to dismiss, this Court may "draw on its judicial experience and common sense":[12] A "courtesy-reminder of policy expiration dates" is not a "reminder." It's a "policy renewal quote." Or an invoice. The TPP admits in the FATPC that it failed to send an invoice.

17. TPP alleges that "Inter-Ocean is entitled to common law indemnification from Cimmaron for any damages that may be awarded against Inter-Ocean in this case; alternatively, Inter-Ocean

---

[6] FATPC at ¶ 8.
[7] FATPC at ¶ 4, 5.
[8] FATPC at ¶ 5.
[9] FATPC at ¶ 6.

[10] FATPC at ¶ 7 [emphasis added].
[11] FATPC at ¶ 7 [emphasis added].
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

is entitled to common law contribution for a just and equitable portion of any damages awarded against Inter-Ocean in this case."[13]

18.    The FATPC only demands *common law* indemnification, not contractual indemnification.[14]

19.    The FATPC does not allege that there was ever a contractual relationship between TPP and TPD.

20.    The FATPC does not allege that TPD owed TPP any duty, contractual or otherwise.

21.    The FATPC does not allege a legal or special relationship between the person seeking indemnification (TPP) and the person who would be required to indemnify the other (TPD). The FATPC does not contain the word "relationship."

## I. FATPC VIOLATES FED.R.CIV.P. 8

The five-page FATPC references negligence (twice) based upon duties owed only to the plaintiff, but also references contribution or indemnification. Moreover, the FATPC fails to state claims under separate counts, which is discussed next in the section addressing Fed.R.Civ.P. 10(b). The FATPC fails to allege "more than labels and conclusions,"[15] which is not "enough to raise a right to relief above the speculative level."[16]

The Third Circuit requires a three-part inquiry: (1) recite the elements that must be pled to state a claim; (2) identify allegations that are merely conclusory and therefore not given an assumption of truth; and (3) assume the veracity of well-pleaded factual allegations and ascertain whether they plausibly give rise to a right to relief.[17] The TPPs state that TPD was negligent, but

---

[13] FATPC at ¶ 14.
[14] FATPC, at ¶ 14.
[15] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[16] *Id.*
[17] *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

do not allege the elements of TPD's alleged negligence, and specifically does not allege any duties owed *to the TPPs*. The TPPs only allege contribution and indemnification with labels and conclusions. Dismissal under Rule 8 is proper because this FATPC "[leaves] the defendants having to guess what of the many things discussed constitute [a cause of action]."[18]

In addition, as discussed *infra*, in TPD's motion pursuant to Fed.R.Civ.P. 12(b)(6), "[u]nder Rule 8(c) of the Federal Rules of Civil Procedure, the statute of limitations constitutes an affirmative defense to an action.[19]

## II. FATPC VIOLATES FED.R.CIV.P. 10(B)

In addition to violating Fed.R.Civ.P. 8, the FATPC violates Fed.R.Civ.P. 10(b). The FATPC does not identify its claims by separate counts, with headings identifying each claim and cause of action. There is no "Count One – Negligence – TPP vs. TPD." Instead, the FATPC vaguely alleges negligence by the TPD, and then demands contribution or indemnification.[20] Fed.R.Civ.P. 10(b) requires "each claim founded on a separate transaction or occurrence ... [to] be stated in a separate count...."[21] The FATPC "completely disregards Rule 10(b)'s requirement that discrete claims should be plead in separate counts."[22] Accordingly, this Court may dismiss the FATPC for its failure to comply with Fed.R.Civ.P. 10(b).[23]

---

[18] *Binsack v. Lackawanna County Prison*, 438 F. App'x 158 (3d Cir. 2011).
[19] Fed.R.Civ.P. 8(c).
[20] FATPC.
[21] *Litwak v. Tomko*, 2017 WL 168053, *4 (M.D.Pa. 2017) (*citing Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001)).

[22] *Magluta*, 256 F.3d at 1284; *Boozer v. Riggenbach*, 2018 WL 1179683, *3 (W.D.Pa. 2018), *report and recommendation adopted*, 2018 WL 1194361.
[23] *Rosado v. Lynch*, 2017 WL 2495407, *1 (D.N.J. 2017).

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

### III. MOTION PURSUANT TO FED.R.CIV.P. 12(B)(1): ARTICLE III STANDING

A motion to dismiss for lack of Article III standing is properly brought under Federal Rules of Civil Procedure Rule 12(b)(1) because standing is jurisdictional.[24] "Constitutional standing requires (1) injury-in-fact, which is an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision."[25]

Nowhere in the FATPC does TPP Inter-Ocean allege its own corporate status, its relationship to the plaintiff, or its relationship to the TPD. TPP demands contribution and indemnification, but does not allege why TPD owes TPP either. TPP simply alleges that TPD was negligent as to the *plaintiff*. TPP does not even allege a theory of liability to the TPP. The TPP has failed to allege any facts that would permit the Court to conclude that TPP has standing to bring its claims. Even if the allegations are true, the FATPC fails to allege an injury-in-fact. It fails to allege a causal connection between the injury to TPP and the TPD's conduct. It does not allege facts supporting any injury to the TPP, or that it will be redressed by a favorable decision.

---

[24] *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016); *Ballentine v. United States*, 486, F.3d 806, 810 (3d Cir. 2007); *St. Thomas – St. John Hotel & Tourism Ass'n v. Virgin Islands*, 218 F.3d 232, 240 (3d Cir. 2000); *Bedell v. Long Reef Condo. Homeowners Ass'n*, 2013 WL 5486772, at *2 (D.V.I. 2013).

[25] *Bedell v. Long Reef Condo. Homeowners Ass'n*, 2013 WL 5486772, at *3 (D.V.I. 2013) (*citing Danvers Motor Co. v. Ford Motor Co.*, 432 F.3d 286, 290–291 (3d Cir. 2005) (*citing Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992); *Khodara Envtl., Inc. v. Blakey*, 376 F.3d 187, 193 (3d Cir. 2004)).

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

## IV. MOTION PURSUANT TO FED.R.CIV.P. 12(B)(6)

A complaint—including a third-party complaint[26]—may be dismissed in this Court for "failure to state a claim upon which relief can be granted"[27] pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[28] The plausibility standard requires the third-party complaint to allege "enough facts to state a claim to relief that is plausible on its face."[29] This standard requires showing "more than a sheer possibility that a [third-party] defendant has acted unlawfully."[30] A third-party complaint which pleads facts "merely consistent with' a [third-party] defendant's liability stops short of the line between possibility and plausibility of entitlement of relief."[31]

To determine the sufficiency of a complaint under the plausibility standard, the Court will take the following three steps:[32]

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."[33]

The TPP fails to satisfy this test.

---

[26] *Pourzal v. Marriott Int'l,* 2006 WL 2471818, at *2 (D.V.I. 2006).

[27] *Scotland v. Heavy Materials, LLC,* 2021 WL 864950, at *1–2 (D.V.I. 2021) (Molloy, J.) *citing* Fed.R.Civ.P. 12(b)(6).

[28] *Scotland*, 2021 WL 864950, at *1–2 (Molloy, J.).

[29] *Scotland*, 2021 WL 864950, at *1–2 (Molloy, J.) (*citing Twombly*, 550 U.S. at 570).

[30] *Scotland*, 2021 WL 864950, at *1–2 (Molloy, J.).

[31] *Scotland*, 2021 WL 864950, at *1–2 (*citing Twombly*, 550 U.S. at 557) [cleaned up].

[32] *Scotland*, 2021 WL 864950, at *1–2 (Molloy, J.).

[33] *Id.* (*citing Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (*quoting Iqbal*, 556 U.S. at 674, 679)).

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

### A. TPP Fails to Plead Elements

The FATPC fails to allege the essential elements of indemnification and contribution (discussed *infra*). It alleges negligence against the TPD, but only alleges duties breached and resulting harm to the *plaintiff*, not the TPP.

### B. Demands for Contribution and Indemnification No More than Conclusions

The FATPC's allegations and demands for indemnification and contribution are no more than conclusions, and are not entitled to the assumption of truth. Moreover, they are not available here, where the plaintiff has settled with and released the TPD.

### C. Even if True, Allegations Do Not State a Claim

Even accepting as true all of the factual allegations contained in the complaint and drawing all reasonable inferences in favor of the non-moving party:[34]

- The FATPC does not identify *who* the TPP Inter-Ocean *is*, such that it's entitled to any relief or damages, even if TPD was negligent (see *supra*).

- The FATPC does not identify any duty that TPD CPM owed to TPP Inter-Ocean, or that TPD breached as to TPP.

- The FATPC alleges that TPD was negligent, but does not plead the elements of negligence.

- The FATPC alleges that TPD was negligent, but only as to the plaintiff VG HOA, *not* to the TPP Inter-Ocean.

- The FATPC admits that the plaintiff settled with the TPD, which means that the TPP cannot bring a third-party complaint against the TPD (see *infra*).

- The FATPC does not allege the elements supporting a claim for contribution (see *infra*)[35]

- The FATPC does not plead any contractual, legal or special relationship required for indemnification (see infra).

---

[34] *Scotland*, 2021 WL 864950, at *1–2 (Molloy, J.), *citing Alston v. Parker*, 363 F.3d 229, 233 (3d Cir. 2004).

[35] *Arvidson v. Buchar*, 71 V.I. 277, 366, 2019 V.I.Super. ¶ 139.

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

- The FATPC does not allege the elements supporting a claim for indemnification (see *infra*).

- The FATPC fails to allege facts supporting a proper Third-Party Complaint pursuant to Fed.R.Civ.P. 14(a) (discussed *infra*).

- The FATPC fails to allege specific causes of action, in violation of Fed.R.Civ.P. 8, and Fed.R.Civ.P. 10(b) (discussed *supra*).

- It is apparent from the face of the FATPC that the statute of limitations has expired (discussed *infra*).

- Because the FATPC alleges the TPD was negligent, there is no claim for indemnification if both parties are negligent (see infra).

### D. Statute of Limitations for Negligence Expired

TPD's Fed.R.Civ.P. 8(a) statute of limitations defense is properly "raised on a motion under Rule 12(b)(6)"[36] because "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations."[37] Here, the bar is apparent on the face of the complaint, which affords the basis for a dismissal of the complaint under Rule 12(b)(6).[38] The FATPC does not separate its claims into separately-titled "Causes of Action." It alleges negligence, but it also demands contribution and indemnification. As to the negligence claims by TPP against TPD, it is apparent from the face of the FATPC that they are barred by the statute of limitations. Any claims based upon TPD's negligence must be dismissed. "[I]n the Virgin Islands, the statute of limitations for a negligence claim is two years."[39]

The FATPC fails to allege an actual date of the TPD's alleged negligence. It only alleges that CPM "negligently failed to timely renew Plaintiff's … insurance coverage, with the result that

---

[36] *Davies v. Hansen Bay Invs.,* 2008 WL 2074114, at *1 (D.V.I. 2008).
[37] *Id.* (*citing Bethel v. Jendoco Constr.*, 570 F.2d 1168, 1174 (3d Cir.1978) (*quoting Hanna v. U.S. Veterans' Admin. Hosp.,* 514 F.2d 1092, 1094 (3d Cir.1975)).

[38] *Id.*
[39] *Kmart Corp. v. Sunny Isles Devs.*, 2016 WL 11395413, at *2 (D.V.I. 2016) (*citing* V.I. Code Ann. tit. 5, § 31(5)(A)).

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

such coverage lapsed from the period February 1, 2018 through March 12, 2018, when coverage was bound under new Lloyd's Policy No. 5740-028, for the coverage period March 12, 2018-19."[40] The *latest* possible date of negligence alleged in the FATPC is 3/12/2019. More likely, however, the real date of negligence alleged in the FATPC falls a year earlier, within 2/1/2018 and 3/12/2018. But even giving the TPP the benefit of the doubt, with the latest possible date of the alleged negligence, the claim for negligence is still outside the statute of limitations.

The FATPC was filed on 7/15/2022. Its original third-party complaint was filed on 5/23/2022. This Court can take judicial notice[41] of the fact that the time elapsed from the latest possible date of TPD's negligence as alleged in the FATPC (3/12/2019) to the earliest possible date of the filing of TPP's third-party claims (5/23/2022) is 3 years, 2 months, 11 days.

All allegations of negligence in the FATPC must be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) because, from the face of the FATPC, they are outside the statute of limitations for negligence in the Virgin Islands. But, because the FATPC's indemnification and contribution claims appear to be *premised* on the TPD's alleged negligence, they too must be dismissed.

### E. TPD Could Not Pay a Bill it Never Received

Even if all the allegations in the FATPC were true, the TPD could not pay a bill it never received. In reviewing a motion to dismiss, this Court may "draw on its judicial experience and common sense."[42] The FATPC admits the TPP failed to send out a "courtesy-reminder of policy expiration dates." The Court can use its common sense here: A "courtesy-reminder of policy expiration dates" is not a "reminder." It's a "policy renewal quote." Or an invoice. The TPP admits

---

[40] FATPC at ¶ 8.
[41] *Krueger v. Landers*, 2022 WL 843854, at *2 (W.D.Wis. 2022).

[42] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

in the FATPC that it failed to send an invoice. The TPD could not pay an invoice it never received.[43]

### F. FATPC Disregards V.I. Insurance Law

The FATPC's allegations fail to state a claim because its own allegations establish a failure to comply with statutory insurance requirements in the Virgin Islands. Virgin Islands Code, tit. 22, § 826 (2019), governs renewals, and provides:

> Any insurance policy terminating by its terms at a specified expiration date and not otherwise renewable, may be renewed or extended at the option of the insurer and upon a currently authorized policy form and at the premium rate then required therefor for a specific additional period or periods by a certificate or by endorsement of the policy, and without requiring the issuance of a new policy.

The FATPC's allegations fail to allege compliance with 22 V.I.C. § 826. The FATPC fails to allege the TPP "renew[ed] or extend[ed]" the policy using "a currently authorized policy form."

## V. TPC DOES NOT SATISFY FED.R.CIV.P. 14(A)

The FATPC's allegations fail to satisfy the requirements for a third-party complaint under Fed.R.Civ.P. 14(a).

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.[44]

The "crucial characteristic of a Rule 14 third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him

---

[43] *Lynx Tech. Partners, Inc. v. Pitts Mgmt. Assocs.,* 2021 WL 2516111, at *16 (E.D.N.Y. 2021) ("PMA cannot have breached its contractual obligation to pay an expense invoice if it never received that invoice"); *Summit Health, Inc. v. APS Healthcare Bethesda,* 993 F. Supp. 2d 379, 401 (S.D.N.Y. 2014), *aff'd sub nom. APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda,* 725 F.App'x 4 (2d Cir. 2018).

[44] *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir.1994) (*citation omitted*).

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

by the original plaintiff.'"[45] "Thus, a true third-party complaint derives from the original plaintiff's direct action against the defendant/third-party plaintiff."[46] A third-party plaintiff must "set forth a claim of secondary liability such that, if the third-party plaintiff is found liable, the third-party defendant will be liable to him under a theory of indemnification, contribution, or some other theory of derivative liability recognized by the relevant substantive law."[47] "A third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the third-party defendant's liability to the defendant (also known as the third-party plaintiff)."[48] The FATPC fails to do this. Even if TPP Inter-Ocean is found liable, the TPD CPM will not be liable to the TPP under any theory of derivative liability.

### A. No Substantive Basis; TPC Does Not State a Claim

The FATPC does not plead the required "substantive basis in the law for the third-party plaintiff to hold the proposed third-party defendant liable."[49] Rule 14 does not provide an independent legal basis for a third-party cause of action; it merely provides the procedural mechanism for the assertion of such a claim under recognized substantive law.[50]

The FATPC fails to invoke a "governing substantive law" in the Virgin Islands or otherwise, to" allow a court to "determine whether there is a substantive basis for defendant's third-party complaint."[51] The FATPC "pleads no common law concept or contract term supporting

---

[45] *Ryan v. Collucio*, 183 F.R.D. 420, 422 (D.N.J. 1998) (*citing In re One Meridian Plaza Fire Litigation*, 820 F.Supp. 1492, 1496 (E.D.Pa. 1993)).
[46] *Id.*
[47] *Wallkill 5 Assoc. II v. Tectonic Eng'g, P.C.*, 1997 WL 452252 at *8, 1997 U.S. Dist. LEXIS 11694 at *26 (D.N.J. 1997) (*citation omitted*); *see Bathgate*, 27 F.3d at 873 (finding that Rule 14(a) was not satisfied, because the alleged third-party defendants' liability was not derivative of the defendants' liability).

[48] *United States v. Etley*, 574 F.2d 850 (5th Cir.), *cert. denied*, 439 U.S. 967, 99 S.Ct. 458, 58 L.Ed.2d 427 (1978).
[49] *Kraus v. Kemp Furniture Indus.*, 1994 WL 196606, *1 (E.D.Pa. 1994); *Naramanian v. Greyhound Lines*, 2010 WL 4628096, *3 (E.D.Pa. 2010).
[50] *Morris v. Lenihan*, 192 F.R.D. 484, 488 (E.D.Pa. 2000); *McCurdy v. Wedgewood Capital Mgmt.*, 1999 WL 554590, *2 (E.D.Pa. 1999).
[51] *Morris*, 192 F.R.D. at 488 (*citing Santana Products*, 69 F.Supp.2d at 690; *Pennine Resources, Inc. v. Dorwart Andrew*, 639 F.Supp.

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

the notion"[52] that a property management company, who is not the insured, owes any duty to the

insurance company to pay invoices that the insurance company never sent, particularly when the

insured has already settled with the property management company.

### B. TPP Cannot Sue TPD who has Settled with the Plaintiff

As discussed *infra*, the TPP cannot maintain a third-party complaint against the TPD

because the plaintiff has settled with, and released, the TPD.

### C. TPP's Allegations of Direct Liability to Plaintiff Violate Fed.R.Civ.P. 14

The TPC only alleges duties owed by the TPD to the Plaintiff.[53] It alleges no duties owed

to the TPP.[54] The TPC explicitly alleges that "Plaintiff [VG] incurred financial losses as a *direct*

and proximate result of [TPD] *Cimmaron's negligence* in failing to timely renew the Lloyd's

policy."[55] The FATPC alleges that the TPDs are *directly* liable to the Plaintiff VG as the basis for

the FATPC. "Rule 14(a) makes clear, however, that allegations that the proposed third-party

defendants are *directly liable* to the plaintiff are *not* a proper basis for a third-party complaint ..."[56]

Accordingly, the FATPC fails to satisfy Fed.R.Civ.P. 14.

### D. Equitable Factors do not Support TPC

The TPC does not allege a substantive basis for impleader. Even if it did, the court must

determine if the equitable factors support impleader.[57] District courts within and without the Third

Circuit have identified factors determining the appropriateness of impleader, which include:

---

1071, 1075 n. 5 (E.D.Pa. 1986) (*citing Tesch v. United States*, 546 F.Supp. 526, 529 (E.D.Pa. 1982))).

[52] *See, e.g., VP Buildings v. Cairone,* 2001 WL 1168862, *4 (E.D.Pa. 2001).

[53] *See, e.g.*, FATPC at ¶¶ 4, 5.

[54] *See, e.g.*, FATPC at ¶¶ 4, 5.

[55] FATPC at ¶ 13.

[56] *Naramanian,* 2010 WL 4628096, *3 (*citing Kraus,* 1994 WL 196606, *2) (*emphasis added*).

[57] *McCurdy v. Wedge Wood Capital Mgmt.,* No. 97–4304, 1999 WL 554590, *2 (E.D.Pa. 1999) (*citing Hicks*, 165 F.R.D. at 379).

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

whether the TPC will introduce an unrelated controversy; whether the TPC or will unduly

complicate the case to the prejudice of the plaintiff; and whether the TPC will settle related matters

in one lawsuit.[58]

## VI. CONTRIBUTION NOT AVAILABLE

At common law in the Virgin Islands, contribution is "the right to claim or demand

contribution from … companies who may have played a role in causing someone else's injury."[59]

It seeks to "secur[e] the right of one who has discharged more than his fair share of a common

liability or burden to recover from another who is also liable [for] the proportionate share which

the other should pay or bear."[60]

### A. No Action for Contribution against Tortfeasor who has Settled with Plaintiff

TPD cannot be held liable to the TPP on a contribution theory because the plaintiff has

settled all plaintiff's claims against the TPD. The District Court observed in 2008 that "[i]n this

jurisdiction, an action for contribution may not be maintained against a tortfeasor who has settled

with the plaintiff."[61] TPP's action for contribution may not be maintained against an alleged

tortfeasor (TPD) who has settled with the plaintiff VG.[62]

In the Virgin Islands, claims for contribution are governed by the Restatement (Third) of

Torts.[63] With respect to contribution claims, the Restatement (Third) of Torts: Apportionment of

Liability, Section 23 provides, in pertinent part:

---

[58] *Scobie v. Waco Equip., et al.*, 2008 WL 1943551, *1 (W.D.Pa. 2008) (*citing Hicks v. Long Island R.R.*, 165 F.R.D. 377, 379 (S.D.N.Y. 1996)).
[59] *Arvidson v. TPP*, 71 V.I. 277, 366–68, 2019 V.I.Super. 122, ¶¶ 138-143 (*citing Willie v. Amerada Hess Corporation*, 66 V.I. 23 (V.I.Super. 2017).
[60] *Id.*

[61] *Remy v. Kmart Corp.*, 2008 U.S. Dist. LEXIS 57585, *2 (D.V.I. 2008).
[62] *See also*, *McDonald v. Union Carbide Corp.*, 734 F.2d 182 (5th Cir. 1984) (District court had discretion to prohibit nonsettling defendants from bringing third-party claims against settling defendants).
[63] *Davis v. Sunrise Med. (US)*, 2013 WL 3775461, *2 (D.V.I. 2013) (*citing Whitecap Inv.*

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment, the person discharging the liability is entitled to recover contribution from the other, unless the other previously had a valid settlement and release from the plaintiff.
>
> (b) A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility.[64]

The "Restatement also defines "settlement" and explains the effect of a settlement on contribution claims:"[65]

> (a) A settlement is a legally enforceable agreement in which a claimant agrees not to seek recovery outside the agreement for specific injuries or claims from some or all of the persons who might be liable for those injuries or claims.
>
> (b) Persons released from liability by the terms of a settlement are relieved of further liability to the claimant for the injuries or claims covered by the agreement, but the agreement does not discharge any other person from liability.[66]

Comment c to Section 24 defines a settling tortfeasor as "a potentially liable tortfeasor who is released from liability to the plaintiff by the settlement."[67] The Restatement further provides that

> [w]hen a settlement is reached between the plaintiff and a potentially liable tortfeasor that releases only the settling tortfeasor, the settling tortfeasor ordinarily should be dismissed from the lawsuit or, if no suit has been initiated, not joined in any action that is subsequently brought. Dismissal occurs even if contribution claims have been made against or by the settling tortfeasor. These contribution claims are barred by law.[68]

---

v. Puntam Lumber & Export, 2013 WL 1155241, *7 (D.V.I. 2013) (slip op.); Vandenhouten v. Olde Towne Tours, 52 V.I. 551, 555–56 (D.V.I. 2009) (citing In re Kelvin Manbodh Asbestos Litig. Series, 47 V.I. 375, 394 (V.I.Super. 2006)); see also V.I. Code Ann., tit. 1, § 4.2.

[64] REST. (3D) TORTS: Apportionment of Liab. § 23 (emphasis supplied).

[65] Sunrise Med., 2013 WL 3775461, *2.

[66] REST. (3D) TORTS: App. of Liab. at § 24).

[67] Sunrise Med, *2, citing REST. (3D) TORTS at § 24 cmt. c.

[68] Id. at § 24 cmt. e (emphasis supplied); see also id. at § 23 cmt. i ("A person who settles with the plaintiff before final judgment is not liable for contribution to others for the injury.").

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

"In light of these provisions, this Court has previously held that 'contribution actions against tortfeasors who settle with a plaintiff are precluded as a matter of law in the Virgin Islands.'"[69]

The District Court in *Davis v. Sunrise Med.*[70] discussed *Vandenhouten v. Olde Towne Tours*,[71] in which the plaintiffs sued a taxi driver and a taxi company. During the pendency of the action, the plaintiffs settled with the taxi driver.[72] Thereafter, the taxi company filed a third-party complaint against the taxi driver asserting a claim for contribution. The taxi driver sought dismissal of this claim on the ground that it was barred by the fact that he had settled with the plaintiffs.

To determine whether the contribution claim was barred, the Court in both *Sunrise Med.* and *Vandenhouten* looked to evidence that "reflects that the [plaintiffs] agreed to release [the taxi driver] from liability arising out of [their] injuries ... in exchange for [the taxi driver's] payment of a sum certain."[73] In particular, the Court noted that the taxi driver "paid adequate consideration in exchange for a complete release from liability...."[74] Accordingly, the Court concluded that the taxi driver had a valid settlement agreement with the plaintiffs and had been released from all of the plaintiff's claims. The Court thus held that the taxi company's contribution claim was barred by law.[75]

1. SUNRISE MED.: ALLEGATIONS OF
SETTLEMENT ESTABLISH CONSIDERATION

The TPP's own allegations in the FATPC establish that the plaintiff VG HOA and TPD settled for a monetary amount (though undisclosed), the agreement was supported by consideration, and there was a release.[76] Because the Court now has information about the

---

[69] *Sunrise Med.*, *2, citing *Vandenhouten*, 52 V.I. at 557.
[70] 2013 WL 3775461.
[71] 52 V.I. 551 (D.V.I. 2009).
[72] *Id.*

[73] *Vandenhouten*, at 557.
[74] *Id.* at 558.
[75] *Sunrise Med.*, 2013 WL 3775461, discussing *Vandenhouten*, at 557.
[76] *Sunrise Med.*, 2013 WL 3775461, at *4.

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

consideration paid, the Court is able to determine that TPD and plaintiff executed a valid settlement agreement.[77]

### B. TPP Cannot Meet Elements of Contribution

"Common law contribution may be asserted (1) by a party in a tort or personal injury action, (2) against … a nonparty, (3) if the … nonparty is or may be liable (4) for the same injury or damages as the plaintiff has sued for."[78]

#### 1. NO "PARTY IN TORT OR PERSONAL INJURY ACTION"

Applying the elements of common law contribution to TPP's factual assertions shows that its claim for common law contribution must fail. While TPP says the words "common law indemnification,"[79] TPP's allegations sound in *contractual* indemnification, not common law contribution.[80] The first element cannot be fulfilled.

#### 2. TPP'S CLAIMS DIFFER FROM PLAINTIFF VG'S CLAIMS

The damages and finding of liability which TPP seeks in its contribution claim differ wildly from those that VG, as plaintiffs, seek in their claims against TPP.[81] Plaintiff VG's claims against TPP are for negligence; breach of fiduciary duty; fraudulent concealment; aiding and abetting fraudulent concealment; and even a RICO § 1962(c) claim. TPP's FATPC vaguely alleges negligence and then demands contribution and indemnification. Thus, the third and fourth elements cannot be fulfilled.[82]

---

[77] *Sunrise Med.*, 2013 WL 3775461, at *2–4.
[78] *Arvidson v. Buchar*, 71 V.I. 277, 366, 2019 V.I.Super. ¶ 139.
[79] FATPC, at ¶ 14.

[80] *Arvidson v. Buchar*, 2019 V.I.Super. 122, ¶ 142.
[81] *Arvidson*, 2019 V.I.Super. 122, ¶ 142.
[82] *Arvidson*, 2019 V.I.Super. 122, ¶ 142.

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

### C. TPP's Claims Do Not Fit Theory of Contribution

Further, not only do TPP's allegations fail to fulfill the elements of contribution, they also "fail to be encapsulated by the theory of contribution."[83] TPP cannot allege common law contribution claims unless the TPP has "discharged more than [their] fair share of a common liability or burden [and then seek] to recover from another ... [their] proportionate share."[84] TPP's contribution claim "is not that he has been forced to discharge more than his fair share of a common liability or burden."[85] TPP's allegations do not indicate that the TPD is "liable [for] a proportionate share" of an amount for which TPP is also liable.[86] Instead, TPP is really seeking to "shift liability" from TPP's shoulders to the TPD. Accordingly, TPP's claim for contribution fails and should be dismissed.[87]

## VII. INDEMNIFICATION NOT AVAILABLE

TPP seeks only common law (not contractual) indemnification. In the Virgin Islands, indemnification is "the shifting of responsibility from the shoulders of one person to another ... where an innocent party is held vicariously liable for the actions of the true tortfeasor."[88] Virgin Islands courts hold that common law indemnification "should only arise in *very limited circumstances*."[89] This is not one of those circumstances.

### A. No Legal or Special Relationship Between TPP and TPD

When bringing a claim for common law indemnification in the Virgin Islands, "(e)quity and fairness demand that ... [the claim] be limited to [those having] a legal or special relationship

---

[83] *Arvidson*, 2019 V.I.Super. 122, ¶ 143.
[84] *Willie*, 66 V.I. at 47.
[85] *Arvidson*, 2019 V.I.Super. 122, ¶ 143.
[86] *Arvidson*, 2019 V.I.Super. 122, ¶ 143.
[87] *Arvidson*, 2019 V.I.Super. 122, ¶ 143.

[88] *Willie v. Amerada Hess Corporation*, 66 V.I. 23, 49 (V.I.Super. 2017).
[89] *Arvidson v. TPP*, 71 V.I. 277, 365, 2019 V.I.Super. 122, ¶ 136 (*citing Willie*, 66 V.I. at 49) [*emphasis added*].

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

between the person seeking indemnification (indemnitee) and the person who would be required to indemnify the other (indemnitor)."[90] The FATPC does not allege *any* relationship—legal or special—between the TPP/indemnitee and the TPD/indemnitor.

## B. TPP Fails to Plead Elements of Indemnification

To state a claim for common law indemnification, the indemnitee must allege that (1) it has been or may be sued (2) for damages, (3) proximately caused by the indemnitor's actions or inactions, and (4) but for the relationship between the indemnitee and the indemnitor, the indemnitee would not have been sued or found liable."[91] TPP has not pleaded these essential elements. TPP has stated that its harm was proximately caused by TPD's "negligence,"[92] but TPP has not pleaded that negligence. TPP does not, and cannot allege (1) TPD owed a legal duty of care *to the TPP*, (2) a breach of that duty of care owed to the TPP by the TPD (3) constituting the factual and legal cause of (4) damages to the TPP.[93] TPP similarly fails to plead the elements of indemnification: TPP has failed to plead any relationship between the TPP and the TPD.

## C. No Manufacturer/Supplier Relationship

According to the Superior Court in 2019, Virgin Islands courts "have so far only recognized it in relationships between manufacturers and suppliers."[94] The FATPC does not allege a relationship between a manufacturer and supplier. It does not request, or allege facts warranting, an expansion of this established limitation either.

---

[90] *Arvidson*, 71 V.I. at 365 (*citing Willie*, 66 V.I. at 49).
[91] *Arvidson*, 71 V.I. at 367 (*citing Willie*, 66 V.I. at 108).
[92] FATPC at ¶ 13.

[93] *Machado v. Yacht Haven U.S.V.I.,* 61 V.I. 373, 380 (2014) (discussing elements of negligence in the Virgin Islands).
[94] *Arvidson*, 71 V.I. at 367.

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

### D. No Common Law Indemnification if Both Parties are Negligent

The District Court observed in 2008 that an "action for common law indemnification be [cannot be] maintained where both parties are actively negligent."[95] TPP's theory of common law indemnification is *premised* on the alleged negligence of the TPD.[96] The plaintiff VG has asserted a claim for negligence against the TPP.[97] Because both parties are alleged to have been actively negligent, TPP cannot maintain an action for common law indemnification against the TPD.

WHEREFORE, TPD moves this Honorable Court to dismiss the FATPC:

| | |
|---|---|
| *First:* | For its failure to comply with Fed.R.Civ.P. 8; |
| *Second:* | For its failure to comply with Fed.R.Civ.P. 10(b); |
| *Third:* | For its failure to state a claim upon which relief can be granted, pursuant to Fed.R.Civ.P. 12(b)(6); |
| *Fourth:* | For its failure to comply with Fed.R.Civ.P. 14; |
| *Fifth:* | For its failure to allege Article III standing; |
| *Sixth:* | For alleging claims outside the applicable statute of limitations; |
| *Seventh:* | For failing to allege a cause of action for contribution against a settling defendant or nonparty; |
| *Eighth:* | For failing to allege a cause of action for indemnification against a settling defendant or nonparty; and |
| *Ninth:* | For such other and further relief as this Honorable Court deems necessary and just. |

---

[95] *Remy v. Kmart Corp.*, U.S. Dist. LEXIS 57585, *2 (D.V.I. 2008) (*citing Gomes*, 394 F.2d at 468, and *Manbodh*, 47 V.I. at 393–94)); *Jacobs*, 2015 V.I. LEXIS 58 at *3.

[96] FATPC, ¶¶ 8, 13.
[97] FAC at 40, ¶¶ 201-25.

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Memo in Support of Motion to Dismiss

Respectfully submitted,
**Michael L. Sheesley, P.C.**

Dated: August 30, 2022

s/Michael L. Sheesley
Michael Sheesley, Esq.
V.I. Bar No. 1010
P.O. Box 307728
St. Thomas, VI 00803
(412)972-0412
michael@sheesley-law.com