**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

VIRGIN GRAND ESTATES #60 VILLA
ASSOCIATION
                                Plaintiff

v.
                                                        3:21-cv-74

CERTAIN UNDERWRITERS AT LLOYDS,
INTER-OCEAN INSURANCE AGENCY,
ST. THOMAS, LLC, and
RED HOOK AGENCIES, INC.
                                Defendants
_____/


INTER-OCEAN INSURANCE AGENCY,
ST. THOMAS, LLC
                    Third-Party Plaintiff

v.

CIMMARON PROPERTY MANAGEMENT, INC.
                    Third-Party Defendant
_____/


## CIMMARON PROPERTY MANAGEMENT, INC.'S BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

Third-Party Defendant CIMMARON PROPERTY MANAGEMENT, INC., ("TPD" or "CPM"), pursuant to Fed.R.Civ.P. 56, and LRCi 7.1 and 56, hereby files and submits TPD's Brief in Support of TPD's Motion for Summary Judgment dismissing the First Amended Third-Party Complaint ("FATPC") (ECF 69) of the Third-Party Plaintiff INTER-OCEAN INSURANCE AGENCY, ST. THOMAS, LLC, ("TPP" or "Inter-Ocean"), together with the LRCi 56.1 Statement of Material Facts Not in Dispute, and the exhibits thereto, any response thereto, and the record as a whole.

## I. INTRODUCTION

The FATPC improperly impleads the TPD for negligence, contribution and indemnification, in violation of Fed.R.Civ.P. 14. The TPD settled with the plaintiff. The TPP cannot now shift

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

liability over to the settling TPD, because the TPD cannot be liable. CPM never had any responsibility to unilaterally put insurance on the VG HOA property. In addition, the TPP cannot establish Article III standing, and its claims fall outside the statute of limitations. TPD is entitled to summary judgment as a matter of law dismissing the FATPC.

## II. SUMMARY JUDGMENT

This Court "shall grant" a motion for summary judgment pursuant to Fed.R.Civ.P. 56(a) "if the movant shows that there is no dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The TPD herein demonstrates "the absence of a genuine issue of material fact."[2] The movant TPD also "point[s] out to the district court that there is an absence of evidence to support the nonmoving party [TPP's third-party] case" and causes of action.[3]

The nonmovant TPP must produce actual evidence, "[b]are assertions, conclusory allegations, or suspicions will not suffice."[4] The nonmovant TPP cannot present evidence to establish a genuine dispute. At best, it will merely allege "some metaphysical doubt as to the material facts."[5] If the TPP "fails to establish the existence of an essential element of its case on which it bears the burden of proof at trial, there is not a genuine dispute with respect to a material fact and thus the moving party [TPD CPM] is entitled to judgment as a matter of law."[6]

---

[1] Fed.R.Civ.P. 56(a – b); *Motylinski v. Glacial Energy*, 2021 WL 4037496 (D.V.I. 2021) (Molloy, J.).
[2] *Id.* (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
[3] *Id.* (*citing Celotex*, at 325, 106 S.Ct. 2548); Fed.R.Civ.P. 56(c)(1)(B).
[4] *Id.* (*citing Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (internal citations omitted).
[5] *Id.* (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).
[6] *Id.* (*citing Jutrowski*, 904 F.3d at 289).

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

### III. TPPs Do Not Have Article III Standing

Because the District Court has jurisdiction to decide only "Cases" and "Controversies,"[7] the Court may only decide cases brought by plaintiffs—including third-party plaintiffs[8]—with standing.[9] A "third-party complaint is only 'proper' if the third-party plaintiff has Article III standing to implead the nonparty."[10] Rule 14 cannot be utilized" by the TPP "to circumvent the requirement of standing."[11] District courts will dismiss a third-party complaint for lack of Article III standing.[12]

TPP cannot establish Article III standing,[13] for "each claim it seeks to press and for each form of relief that is sought."[14] TPP cannot show: (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a 'likel[ihood]' that the injury 'will be redressed by a favorable decision.'"[15]

Even "review[ing] the facts in the light most favorable to [TPP] opposing the motion," the TPP has no Article III standing.[16] At best, the TPP alleges that the TPD owes TPP money because the TPD breached a duty owed to the plaintiff. The TPP alleges no duty breached as to the TPP. Moreover, the TPP cannot maintain a cause of action against a settling defendant.

---

[7] U.S. Const., Art. III, § 2.

[8] *Plain Bay Sales v. Gallaher*, 2019 WL 6206836, at *3 (S.D.Fla. 2019).

[9] *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157, 134 S.Ct. 2334, 189 L.Ed.2d 246 (2014).

[10] *Millers Cap. Ins., Co. v. Hydrofarm,* 340 F.R.D. 198, 211 (D.D.C. 2022) (*citing Plain Bay Sales*, 2019 WL 6206836, at *3 (S.D.Fla. 2019).

[11] *Index Fund, Inc. v. Hagopian*, 417 F.Supp. 738, 745 (SDNY 1976); *see also* Fed.R.Civ.P. 81; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978) ("[I]t is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction.").

[12] *Plain Bay Sales*, 2019 WL 6206836, at *3.

[13] *Fischer v. Governor of New Jersey*, 842 F. App'x 741, 747–48 (3d Cir.), *cert. denied sub nom. Fischer v. Murphy*, 142 S.Ct. 426 (2021) (*citing Driehaus*, 573 U.S. at 158).

[14] *Davis v. Federal Election Com'n*, 554 U.S. 724, 734, (2008) (*quoting DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) [cleaned up].

[15] *Driehaus*, at 157-58, 134 S.Ct. 2334 (*quoting Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

[16] Reed, Wible & Brown, Inc. v. Mahogany Run Dev. Corp., 550 F. Supp. 1095, 1098 (D.V.I. 1982) (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970))

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

## IV. THE STATUTE OF LIMITATIONS HAS EXPIRED

The negligence claims by TPP against TPD are barred by the statute of limitations, which has expired. The contribution and indemnification claims are premised upon the negligence claims, so they too must be dismissed.

The FATPC fails to allege an actual date of the TPD's alleged negligence, or when TPP discovered it. It only alleges that CPM "negligently failed to timely renew Plaintiff's … insurance coverage, with the result that such coverage lapsed from the period February 1, 2018 through March 12, 2018, when coverage was bound under new Lloyd's Policy No. 5740-028, for the coverage period March 12, 2018-19."[17]

"[I]n the Virgin Islands, the statute of limitations for a negligence claim is two years."[18] The *latest* possible date of negligence alleged in the FATPC is 3/12/2019. More likely, however, the real date of negligence alleged in the FATPC falls a year earlier, within 2/1/2018 and 3/12/2018. But even giving the TPP the benefit of the doubt, with the latest possible date of the alleged negligence, the claim for negligence is still outside the statute of limitations.

The FATPC was filed on 7/15/2022. TPP's original third-party complaint was filed on 5/23/2022. This Court can take judicial notice[19] of the fact that the time elapsed from the latest possible date of TPD's negligence as alleged in the FATPC (3/12/2019) to the earliest possible date of the filing of TPP's third-party claims (5/23/2022) is 3 years, 2 months, 11 days. The two-year statute of limitations for negligence has long expired.

---

[17] FATPC at ¶ 8.

[18] *Kmart Corp. v. Sunny Isles Devs.*, 2016 WL 11395413, at *2 (D.V.I. 2016) (*citing* V.I. Code Ann. tit. 5, § 31(5)(A)).

[19] *Krueger v. Landers*, 2022 WL 843854, at *2 (W.D.Wis. 2022).

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

Where the statute of limitations bars a claim, this Court can grant summary judgment dismissing the claim.[20] The TPP's additional claims for contribution and indemnification *depend* on TPP's negligence claims, however. Accordingly, this Court should also enter summary judgment against TPP's contribution and indemnification[21] claims, which fall along with the negligence claims.

## V. IMPLEADER FAILS AS A MATTER OF LAW

The FATPC's claims are not permitted pursuant to Fed.R.Civ.P. 14(a).

> A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied.[22]

The "crucial characteristic of a Rule 14 third-party claim is that the original defendant is attempting to transfer to the third-party defendant all or part of the liability asserted against him by the original plaintiff."[23] "A third-party complaint is not proper under Rule 14 if the defendant cannot show a basis for the [TPD]'s liability to the defendant[/TPP]."[24] The TPP has not shown a basis for the TPD's liability to the TPP. Even if TPP Inter-Ocean is found liable, the TPD CPM will not be liable to the TPP under any theory of derivative liability.

### A. TPP's Allegations of Direct Liability to Plaintiff Violate Fed.R.Civ.P. 14

The FATPC explicitly alleges that "Plaintiff [VG HOA] incurred financial losses as a *direct* and proximate result of [TPD] *Cimmaron's negligence* in failing to timely renew the Lloyd's

---

[20] *UMLIC VP LLC v. Matthias*, 234 F.Supp.2d 520, 525 (D.V.I. 2002), *aff'd*, 364 F.3d 125 (3d Cir. 2004).
[21] *SW (Del.), Inc. v. Am. Consumers Indus.,* 450 A.2d 887, 889 (Del. 1982).
[22] *F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir.1994) (citation omitted).
[23] *Ryan v. Collucio*, 183 F.R.D. 420, 422 (D.N.J. 1998) (*citing One Meridian Plz. Fire Lit.*, 820 F.Supp. 1492, 1496 (E.D.Pa. 1993)).
[24] *U.S. v. Etley*, 574 F.2d 850 (5th Cir.), *cert. denied*, 439 U.S. 967 (1978).

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

policy."[25] TPP's theory of liability is that TPDs are _directly_ liable to the Plaintiff VG HOA. "Rule 14(a) makes clear, however, that allegations that the proposed third-party defendants are _directly liable_ to the plaintiff are _not_ a proper basis for a third-party complaint ..."[26] Accordingly, the FATPC should be dismissed for its failure to satisfy Fed.R.Civ.P. 14.

### B. No Substantive Basis

The TPP cannot establish a "substantive basis in the law for the third-party plaintiff to hold the proposed third-party defendant liable."[27] Rule 14 does not provide an independent legal basis for a third-party cause of action; it merely provides the procedural mechanism for the assertion of such a claim under recognized substantive law.[28] TPP cannot prevail on its theory of liability against TPD.

TPP fails to invoke a "governing substantive law" in the Virgin Islands or otherwise, to" allow a court to "determine whether there is a substantive basis for defendant's third-party complaint."[29] The TPP cannot establish any "common law concept or contract term supporting the notion"[30] that a property management company for an insured HOA, who is not the insured, owes any duty _to the insurance company/broker_ to pay invoices that the insurance company/broker never sent, particularly when the insured has already settled with the property management company.

---

[25] FATPC at ¶ 13.

[26] _Naramanian,_ 2010 WL 4628096, *3 (_citing Kraus,_ 1994 WL 196606, *2) (_emphasis added_).

[27] _Kraus v. Kemp Furniture Indus.,_ 1994 WL 196606, *1 (E.D.Pa. 1994); _Naramanian v. Greyhound Lines,_ 2010 WL 4628096, *3 (E.D. Pa. 2010).

[28] _Morris v. Lenihan_, 192 F.R.D. 484, 488 (E.D.Pa. 2000); _McCurdy v. Wedgewood Capital Mgmt_., 1999 WL 554590, *2 (E.D.Pa. 1999).

[29] _Morris_, 192 F.R.D. at 488 (_citing Santana Products_, 69 F.Supp.2d at 690; _Pennine Resources, Inc. v. Dorwart Andrew_, 639 F.Supp. 1071, 1075 n. 5 (E.D.Pa.1986) (_citing Tesch v. US_, 546 F.Supp. 526, 529 (E.D.Pa.1982))).

[30] _See, e.g., VP Buildings v. Cairone,_ 2001 WL 1168862, *4 (E.D.Pa. 2001).

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

### C. Equitable Factors do not Support TPC

The TPC does not allege a substantive basis for impleader. Even if it did, the court must determine if the equitable factors support impleader.[31] District courts within and without the Third Circuit have identified factors determining the appropriateness of impleader, which include: whether the TPC will introduce an unrelated controversy; whether the TPC or will unduly complicate the case to the prejudice of the plaintiff; and whether the TPC will settle related matters in one lawsuit.[32]

## VI. CONTRIBUTION

At common law in the Virgin Islands, contribution is "the right to claim or demand contribution from … companies who may have played a role in causing someone else's injury."[33] It seeks to "secur[e] the right of one who has discharged more than his fair share of a common liability or burden to recover from another who is also liable [for] the proportionate share which the other should pay or bear."[34]

### A. D.V.I.: No Action for Contribution against Tortfeasor who has Settled with Plaintiff

TPD cannot be held liable to the TPP on a contribution theory because the plaintiff has settled all plaintiff's claims against the TPD. The District Court observed in 2008 that "[i]n this jurisdiction, an action for contribution may not be maintained against a tortfeasor who has settled with the plaintiff."[35] TPP's action for contribution may not be maintained against an alleged tortfeasor (TPD) who has settled with the plaintiff VG HOA.

---

[31] *McCurdy,* 1999 WL 554590, *2 (E.D.Pa. 1999) (*citing Hicks*, 165 F.R.D. at 379 (S.D.N.Y.1996)).
[32] *Scobie v. Waco Equip., et al.*, 2008 WL 1943551, *1 (W.D.Pa. 2008) (*citing Hicks*, 165 F.R.D. at 379).
[33] *Arvidson v. Buchar*, 71 V.I. 277, 366–68 (*citing Willie v. Amerada Hess Corporation*, 66 V.I. 23 (V.I.Super. 2017).
[34] *Id.*
[35] *Remy v. Kmart Corp.*, 2008 U.S. Dist. LEXIS 57585, *2 (D.V.I. 2008).

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

In the Virgin Islands, claims for contribution are governed by the Restatement (Third) of

Torts.[36] With respect to contribution claims, the Restatement (Third) of Torts: Apportionment of

Liability, Section 23 provides, in pertinent part:

> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another by settlement or discharge of judgment, the person discharging the liability is entitled to recover contribution from the other, unless the other previously had a valid settlement and release from the plaintiff.
> (b) A person entitled to recover contribution may recover no more than the amount paid to the plaintiff in excess of the person's comparative share of responsibility.[37]

The "Restatement also defines "settlement" and explains the effect of a settlement on

contribution claims:"[38]

> (a) A settlement is a legally enforceable agreement in which a claimant agrees not to seek recovery outside the agreement for specific injuries or claims from some or all of the persons who might be liable for those injuries or claims.
> (b) Persons released from liability by the terms of a settlement are relieved of further liability to the claimant for the injuries or claims covered by the agreement, but the agreement does not discharge any other person from liability.[39]

Comment c to Section 24 defines a settling tortfeasor as "a potentially liable tortfeasor who is

released from liability to the plaintiff by the settlement."[40] The Restatement further provides that

> [w]hen a settlement is reached between the plaintiff and a potentially liable tortfeasor that releases only the settling tortfeasor, the settling tortfeasor ordinarily should be dismissed from the lawsuit or, if no suit has been initiated, not joined in any action that is subsequently brought.

---

[36] *Davis v. Sunrise Med. (US)*, 2013 WL 3775461, *2 (D.V.I. 2013) (*citing Whitecap Inv. v. Puntam Lumber,* 2013 WL 1155241, *7 (D.V.I. 2013) (slip op.); *Vandenhouten v. Olde Towne Tours,* 52 V.I. 551, 555–56 (D.V.I. 2009) (*citing In re Kelvin Manbodh Asbestos Litig. Series*, 47 V.I. 375, 394 (V.I.Super. 2006)); *see also* V.I. Code Ann., tit. 1, § 4.2.
[37] REST. (3D) TORTS: Apportionment of Liab. § 23 (emphasis supplied).
[38] *Sunrise Med.*, 2013 WL 3775461, *2.
[39] REST. (3D) TORTS: App. of Liab. at § 24).
[40] *Sunrise Med*, *2, citing REST. (3D) TORTS at § 24 cmt. c.

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

> Dismissal occurs even if contribution claims have been made against or by the settling tortfeasor. These contribution claims are barred by law.[41]

"In light of these provisions, this Court has previously held that 'contribution actions against tortfeasors who settle with a plaintiff are precluded as a matter of law in the Virgin Islands.'"[42]

The District Court in *Davis v. Sunrise Med.*[43] discussed *Vandenhouten v. Olde Towne Tours*,[44] in which the plaintiffs sued a taxi driver and a taxi company. During the pendency of the action, the plaintiffs settled with the taxi driver.[45] Thereafter, the taxi company filed a third-party complaint against the taxi driver asserting a claim for contribution. The taxi driver sought dismissal of this claim on the ground that it was barred by the fact that he had settled with the plaintiffs.

To determine whether the contribution claim was barred, the Court looked to the settlement agreement between the plaintiffs and the taxi driver. The Court noted that the agreement "reflects that the [plaintiffs] agreed to release [the taxi driver] from liability arising out of [their] injuries ... in exchange for [the taxi driver's] payment of a sum certain." Id. at 557. In particular, the Court noted that the taxi driver "paid adequate consideration in exchange for a complete release from liability ...." Id. at 558. Accordingly, the Court concluded that the taxi driver had a valid settlement agreement with the plaintiffs and had been released from all of the plaintiff's claims. The Court thus held that the taxi company's contribution claim was barred by law. Id.

The Court can determine the validity of the release based on the unredacted release filed under seal, and the filed stipulation in the Stinchfield case (Doc. #303), which indicates that the plaintiff VG HOA received meaningful consideration in return for VG HOA's release.[46] As in

---

[41] REST. (3D) TORTS at § 24 cmt. e (emphasis supplied); see also § 23 cmt. i ("A person who settles with the plaintiff before final judgment is not liable for contribution to others for the injury.").

[42] *Sunrise Med.*, *2, citing *Vandenhouten,* 52 V.I. at 557.

[43] 2013 WL 3775461.

[44] 52 V.I. 551 (D.V.I. 2009).

[45] *Id.*

[46] *Sunrise Med.*, 2013 WL 3775461, at *4.

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

*Vandenhouten*, the settlement agreement in this case has been filed with the Court under seal.[47]

The *Vandenhouten* Court noted that the document filed under seal did "not contain any redacted

portions and clearly states the amount of consideration paid."[48] As in *Vandenhouten*, TPD requests

that this Court "in its discussion omit[] 'the consideration paid ... to maintain the agreement's

confidentiality.'"[49] The District Court indicated in *Sunrise Med.* that it is sufficient if the Court

can review the unredacted Settlement Agreement and determine that consideration was paid.

Because the Court now has "information about the amount of consideration paid, the Court is

[able] to determine whether [TPD and plaintiff] executed a valid settlement agreement."[50] TPD

has therefore met his burden to show there are no genuine disputes of material fact and that TPD

is entitled to judgment as a matter of law.

> (i) SUNRISE MED.: THIS COURT CAN REVIEW
> SEALED SETTLEMENT AGREEMENT AND
> MUTUAL RELEASE TO CONFIRM
> CONSIDERATION

The TPP's own allegations in the FATPC establish that the plaintiff VG HOA and TPD settled

for a monetary amount (though undisclosed), the agreement was supported by consideration, and

there was a release.[51] Because the Court now has information about the consideration paid, the

Court is able to determine that TPD and plaintiff executed a valid settlement agreement."[52]

---

[47] 52 V.I. 551.
[48] 52 V.I. at 558.
[49] *Sunrise Med.*, 2013 WL 3775461, at *4 (*quoting Vandenhouten*, at 558 n.2).
[50] *Sunrise Med.*, 2013 WL 3775461, at *2–4.
[51] *Sunrise Med.*, 2013 WL 3775461, at *4.
[52] *Sunrise Med.*, 2013 WL 3775461, at *2–4.

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

### B. TPP Cannot Meet Elements of Contribution

"Common law contribution may be asserted (1) by a party in a tort or personal injury action, (2) against … a nonparty, (3) if the … nonparty is or may be liable (4) for the same injury or damages as the plaintiff has sued for."[53]

#### (i) No "Party in Tort or Personal Injury Action"

Applying the elements of common law contribution to TPP's factual assertions shows that its claim for common law contribution must fail. While TPP says the words "common law indemnification,"[54] TPP's allegations sound in *contractual* indemnification, not common law contribution.[55] The first element cannot be fulfilled.

#### (ii) TPP's Claims Differ from Plaintiff VG HOA's Claims

The damages and finding of liability which TPP seeks in its contribution claim differ wildly from those that VG HOA, as plaintiffs, seek in their claims against TPP.[56] Plaintiff VG HOA's claims against TPP are for negligence; breach of fiduciary duty; fraudulent concealment; aiding and abetting fraudulent concealment; and even a RICO § 1962(c) claim. TPP's FATPC vaguely alleges negligence and then demands contribution and indemnification. Thus, the third and fourth elements cannot be fulfilled.[57]

### C. TPP's Claims Do Not Fit Theory of Contribution

Further, not only do TPP's allegations fail to fulfill the elements of contribution, they also "fail to be encapsulated by the theory of contribution."[58] TPP cannot allege common law

---

[53] *Id.* at 106.
[54] FATPC, at ¶ 14.
[55] *Arvidson v. Buchar*, 2019 V.I.Super. 122, ¶ 142.
[56] *Arvidson*, 2019 V.I.Super. 122, ¶ 142.
[57] *Arvidson*, 2019 V.I.Super. 122, ¶ 142.
[58] *Arvidson*, 2019 V.I.Super. 122, ¶ 143.

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

contribution claims unless the TPP has "discharged more than [their] fair share of a common liability or burden [and then seek] to recover from another ... [their] proportionate share."[59] TPP's contribution claim "is not that he has been forced to discharge more than his fair share of a common liability or burden."[60] TPP's allegations do not indicate that the TPD is "liable [for] a proportionate share" of an amount for which TPP is also liable.[61] Instead, TPP is really seeking to "shift liability" from TPP's shoulders to the TPD. Accordingly, TPP's claim for contribution fails and should be dismissed.[62]

### D. Contribution Would Inhibit Settlement of Claims

In *In re Terra–Drill Partnerships Secs. Litig*., a district court observed that a settling defendant is entitled to a bar against contribution because any other rule would inhibit settlement of claims.[63] TPD CPM settled with the plaintiff and the plaintiff released the TPD. Allowing TPP to now assert contribution claims against the settling TPD would inhibit settlement of claims, especially where the plaintiff VG HOA has completely released the TPD. The settling TPD is entitled to a bar against TPP seeking contribution.

## VII. INDEMNIFICATION

TPP seeks only common law (not contractual) indemnification. In the Virgin Islands, indemnification is "the shifting of responsibility from the shoulders of one person to another ... where an innocent party is held vicariously liable for the actions of the true tortfeasor."[64] Virgin

---

[59] *Willie*, 66 V.I. at 47.
[60] *Arvidson*, 2019 V.I.Super. 122, ¶ 143.
[61] *Arvidson*, 2019 V.I.Super. 122, ¶ 143.
[62] *Arvidson*, 2019 V.I.Super. 122, ¶ 143.
[63] 726 F.Supp. 655, 656–657 (S.D.Tex.1989).
[64] *Willie v. Amerada Hess Corporation*, 66 V.I. 23, 49 (V.I.Super. 2017).

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

Islands courts hold that common law indemnification "should only arise in *very limited circumstances*."[65]

As with the tort of contribution, in the Virgin Islands, claims for indemnity are governed by the Restatement (Third) of Torts, which provides.[66]

> (a) When two or more persons are or may be liable for the same harm and one of them discharges the liability of another in whole or in part by settlement or discharge of judgment, the person discharging the liability is entitled to recover indemnity in the amount paid to the plaintiff, plus reasonable legal expenses, if:
> (1) the indemnitor has agreed by contract to indemnify the indemnitee, or
> (2) the indemnitee
> (i) was not liable except vicariously for the tort of the indemnitor, or
> (ii) was not liable except as a seller of a product supplied to the indemnitee by the indemnitor and the indemnitee was not independently culpable.
> (b) A person who is otherwise entitled to recover indemnity pursuant to contract may do so even if the party against whom indemnity is sought would not be liable to the plaintiff.[67]

### A. No Legal or Special Relationship Between TPP and TPD

When bringing a claim for common law indemnification in the Virgin Islands, "(e)quity and fairness demand that ... [the claim] be limited to [those having] a legal or special relationship between the person seeking indemnification (indemnitee) and the person who would be required to indemnify the other (indemnitor)."[68] The FATPC does not allege *any* relationship—legal or special—between the TPP/indemnitee and the TPD/indemnitor.

---

[65] *Arvidson v. Buchar*, 71 V.I. 277, 365, 2019 V.I.Super. 122, ¶ 136 (2019) (*citing Willie*, 66 V.I. at 49) [emphasis added].
[66] *See Whitecap Inv. Corp. v. Puntam Lumber & Export Co.,* 2013 WL 1155241, at *5 (D.V.I. 2013) (slip op.); *Vandenhouten v. Olde Towne Tours, LLC*, 52 V.I. 551, 559 (D.V.I. 2009) (*citing In re Kelvin Manbodh Asbestos Litig. Series*, 47 V.I. 375, 394 (V.I. Super. Ct. 2006)).
[67] *Davis v. Sunrise Med. (US), LLC*, 2013 WL 3775461, at *5 (D.V.I. 2013) (*citing* REST. (3D) TORTS: Apportionment Of Liab. § 22).
[68] *Arvidson*, 71 V.I. at 365 (*citing Willie*, 66 V.I. at 49).

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

### B. No Contractual Relationship

Notably absent from the Third–Party Complaint is any allegation that TPD CPM "agreed by contract to indemnify the indemnitee [TPP]," or that the TPP Inter-Ocean is "not liable except vicariously for the tort of the indemnitor [TPD]," or that it is "not liable except as a seller of a product supplied to the indemnitee [TPP] by the indemnitor [TPD]...."[69] As noted above, "these are essential elements of a claim for indemnity,"[70] and the TPP has not, and cannot, show these elements.

### C. TPP Cannot Establish Elements of Indemnification

The TPP indemnity must establish that (1) it has been or may be sued (2) for damages, (3) proximately caused by the indemnitor's actions or inactions, and (4) but for the relationship between the indemnitee and the indemnitor, the indemnitee would not have been sued or found liable."[71] TPP cannot show these essential elements. TPP states that its harm was proximately caused by TPD's "negligence,"[72] but there is no breach of duty alleged vis-à-vis TPD and TPP. TPP does not, and cannot allege (1) TPD owed a legal duty of care *to the TPP*, (2) a breach of that duty of care owed to the TPP by the TPD (3) constituting the factual and legal cause of (4) damages to the TPP.[73] TPP similarly cannot show the elements of indemnification because it cannot show any relationship between the TPP and the TPD.

---

[69] *Sunrise Med.,* 2013 WL 3775461, *5, (*citing* REST. (3D) TORTS: App. of Liab. § 22(a)(1) – (2)).
[70] *Id.*
[71] *Arvidson*, 71 V.I. at 367 (*citing Willie*, 66 V.I. at 108).
[72] FATPC at ¶ 13.
[73] *Machado v. Yacht Haven U.S.V.I.,* 61 V.I. 373, 380 (2014) (discussing elements of negligence in the Virgin Islands).

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

### D. No Manufacturer/Supplier Relationship

According to the Superior Court in 2019, Virgin Islands courts "have so far only recognized [common law indemnification] in relationships between manufacturers and suppliers."[74] The FATPC does not allege a relationship between a manufacturer and supplier. It does not request, or allege facts warranting, an expansion of this established historical limitation either.

### E. No Common Law Indemnification if Both Parties are Negligent

The District Court observed in 2008 that an "action for common law indemnification be [cannot be] maintained where both parties are actively negligent."[75] TPP's theory of common law indemnification is *premised* on the alleged negligence of the TPD.[76] The plaintiff VG HOA has asserted a claim for negligence against the TPP.[77] Because both parties are alleged to have been actively negligent, TPP cannot maintain an action for common law indemnification against the TPD.

## VIII. CPM COULD NOT PAY A BILL IT DIDN'T RECEIVE

It is undisputed that the Property Management Agency Agreement ("PMAA") signed on March 16, 2014, governed the conduct of the plaintiff and the TPD. It is undisputed that the Insurance Policy named VG HOA as the insured, not TPD CPM. TPP admits in the FATPC that the TPP failed to send out a "courtesy-reminder of policy expiration dates." TPP, however, is using self-serving euphemisms when TPP calls it a "courtesy reminder." That's not what witnesses

---

[74] *Arvidson*, 71 V.I. at 367.
[75] *Remy v. Kmart Corp.*, Civ. No. 2005–072, 2008 U.S. Dist. LEXIS 57585, *2 (D.V.I. July 29, 2008) (citing Gomes, 394 F.2d at 468, and Manbodh, 47 V.I. at 393–94)); Jacobs, 2015 V.I. LEXIS 58 at *3.
[76] FATPC, ¶¶ 8, 13.
[77] FAC at 40, ¶¶ 201-25.

Michael L. Sheesley, P.C.
PO Box 307728, St. Thomas, VI 00803

Inter-Ocean v. CPM
3:21-cv-74
Brief in Support of Motion for Summary Judgment

testifying under oath called it. They called it a "policy renewal quote." Or an invoice. Or a bill.

The TPP admits it failed to send an invoice.

The TPD could not pay an invoice it never received.[78] The course of dealing between the

parties establishes that the parties contemplated payment at the time of invoicing.[79] CPM was not

obligated to pay until it received the invoices from Inter-Ocean.[80]

## IX. CONCLUSION

WHEREFORE, the TPP CPM respectfully requests this Honorable Court grant summary

judgment dismissing the First Amended Third-Party Complaint in its entirety, and for such and

other further relief as this Honorable Court deems necessary and just.

Respectfully submitted,
**Michael L. Sheesley, P.C.**

Dated: September 7, 2022                s/Michael L. Sheesley
                                        Michael Sheesley, Esq.
                                        V.I. Bar No. 1010
                                        P.O. Box 307728
                                        St. Thomas, VI 00803
                                        (412)972-0412
                                        michael@sheesley-law.com

---

[78] *Lynx Tech. Partners, Inc. v. Pitts Mgmt. Assocs.,* 2021 WL 2516111, at *16 (E.D.N.Y. 2021) ("PMA cannot have breached its contractual obligation to pay an expense invoice if it never received that invoice"); *Summit Health, Inc. v. APS Healthcare Bethesda,* 993 F. Supp. 2d 379, 401 (S.D.N.Y. 2014), *aff'd sub nom. APEX Emp. Wellness Servs., Inc. v. APS Healthcare Bethesda,* 725 F.App'x 4 (2d Cir. 2018).

[79] *Comp Machining, Inc. v. Holb-Gunther, LLC*, 2012 WL 5834457, at *3 (Minn. Ct. App. 2012) ((court found that "[t]he course of dealing between the parties establishes that the parties contemplated payment *at the time of invoicing*." The district court concluded that Sea–Legs was not obligated to pay "until it received the invoices" from Comp Machining.)

[80] *Middle E. Broad. Networks v. MBI Glob.*, 2015 WL 4571178, at *2 (E.D.Va. 2015) ("MEBN had no obligation to pay MBI until it received the proper invoices from MBI."); *see also Comp Machining,* 2012 WL 5834457, at *3; *Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins*, 81 A.D.3d 1331 (NY 4th Dept. 2011) ("Although the insurance policies required defendants to make periodic adjustments, plaintiff's payment obligation was not triggered until defendants provided plaintiff with an invoice or other demand for reimbursement.")