**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**Division of St. Thomas & St. John**

VIRGIN GRAND ESTATES #60 VILLA           )
ASSOCIATION, etc., et al.,                            )
                                                                      )
                                           Plaintiff;         )
                                                                      )     No. 21-cv-00074-RAM-RM
v.                                                                   )
                                                                      )
CERTAIN UNDERWRITERS AT LLOYDS    )
SUBSCRIBING TO POLICIES NO. GL-5218-028  )
AND NO. GL-5740-028, et al.,                      )
                                                                      )
                                           Defendants.  )
_____)
                                                                      )
INTER-OCEAN INSURANCE AGENCY, ST.   )
THOMAS, LLC,                                             )
                                                                      )
                                  Third-Party Plaintiff;   )
                                                                      )
v.                                                                   )
                                                                      )
CIMARRON PROPERTY MANAGEMENT, INC.,  )
                                                                      )
                               Third-Party Defendant.  )
_____)

## MOTION FOR VOLUNTARY DISMISSAL OF THIRD-PARTY CLAIM

Defendant/Third-Party Plaintiff Inter-Ocean Insurance Agency, St. Thomas, Inc. ("Inter-Ocean"), pursuant to Rule 41, Federal Rules of Civil Procedure, moves the Court for a voluntary dismissal of its third-party claim against Third-Party Defendant Cimarron Property Management, Inc. ("Cimarron"), with prejudice.

Rule 41(a)(1)(A) provides that an "action" may voluntarily dismissed without court order by notice, if no answer or motion for summary judgment has been filed; or by stipulation by "all parties who have appeared." *Id.* Otherwise, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 41(a)(2). Rule 41(c) clarifies that these provisions generally apply to dismissals of third-party claims. *Id.*

In the present case, Third-Party Plaintiff Inter-Ocean and Third-Party Defendant Cimarron reached a settlement agreement following the acceptance of a Rule 68 Offer of Judgment.  By that time, Cimarron had filed a motion for summary judgment (Doc.86).  Inter-Ocean and Cimarron both contemplated filing a stipulation for dismissal of the third-party claim with prejudice, but for reasons not entirely clear counsel for the Plaintiff have declined to sign a stipulation.  There is authority that a stipulation of dismissal "which was consented to by all the parties to the third-party action," but not all parties in the action, is "sufficient to terminate a third-party action." *GCU v. Huntington Nat'l Bank*, No. 2:19-CV-00414-RJC, 2020 WL 6162208, at *1, n.2 (W.D. Pa. Oct. 21, 2020), citing *First Nat. Bank of Toms River, N. J. v. Marine City, Inc.,* 411 F.2d 674, 677 (3d Cir. 1969) and *Century Mfg. Co. v. Cent. Transp. Int'l, Inc*., 209 F.R.D. 647, 647 (D. Mass. 2002) (holding that a plaintiff "lacks standing" to challenge a stipulation for voluntary dismissal "since it is not a 'party' to the third-party action" within the meaning of Rule 41(a)(1)(ii)).

Nevertheless, this Motion is filed to avoid unnecessary complexity or uncertainty.

### Governing Standard

The Court should exercise its discretion to grant motions for voluntary dismissal unless the opponent "will suffer some prejudice other than the mere prospect of a second lawsuit." *Est. of Ware v. Hosp. of the Univ. of Pennsylvania*, 871 F.3d 273, 285 (3d Cir. 2017), quoting *In re Paoli R.R. Yard PCB Litig*., 916 F.2d 829, 863 (3d Cir. 1990).  Such prejudicial impact is typically asserted when a party seeks a voluntary dismissal *without prejudice* after the opponent has expended significant resources defending the claim. In these circumstances a court may impose "curative conditions" to ameliorate the harm.  *In re Tutu Wells Contamination Litig*., 994 F. Supp. 638, 652, 38 V.I. 275, 301 (D.V.I. 1998), citing, inter alia 9 Charles A. Wright & Arthur R. Miller, et al., Federal Practice and Procedure, § 2364 at 161.

*Virgin Grand Estates #60 Villa Ass'n
v. Certain Underwriters at Lloyd's,* 3:21-cv-74
Inter-Ocean's Motion to Voluntarily Dismiss Third-Party Claim
Page 2 of 4

However, where, as here, this moving party seeks a voluntary dismissal *with prejudice*, there is no threat of a subsequent, duplicative suit, and for that reason dismissal should be perfunctorily granted. *Protocomm Corp. v. Novell, Inc.,* 171 F. Supp. 2d 459, 470–71 (E.D. Pa. 2001) ("Where a plaintiff moves for a voluntary dismissal with prejudice 'it has been held that the district court must grant that request.'") (quoting Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2367, at 318 (2d ed.1995)).

No apparent legal prejudice to any party would result from a voluntary dismissal of the third-party claim in this case. As noted, the Third-Party Defendant Cimarron has agreed to the dismissal.

## CONCLUSION

The Court should grant this Motion to dismiss the third-party claim.  A proposed order is attached.

RESPECTFULLY SUBMITTED this 24th day of June, 2023.

Scot F. McChain, Esq.
USVI Law, LLC
and
*/s/ Edward L. Barry*
Edward L. Barry
2120 Company Street
Christiansted, VI 00820
Tel. (340) 719-0601
smcchain@usvi.law
ed.barry.legal@gmail.com

Attorneys for Inter-Ocean
Insurance St. Thomas, LLC; Red
Hook Agencies, Inc.; and Certain
Underwriters at Lloyd's

*Virgin Grand Estates #60 Villa Ass'n
v. Certain Underwriters at Lloyd's,* 3:21-cv-74
Inter-Ocean's Motion to Voluntarily Dismiss Third-Party Claim
Page 3 of 4

## Certificate of Service

I hereby certify that this document was filed on the date stated above utilizing the Court's CM/ECF system, which will automatically cause copies to be served upon the following persons in the following capacities:

John P. Golden, Esq.
Gregory Lee Mast, Esq.
FIELDS HOWELL LLP
9155 S. Dadeland Blvd.
Suite 1012
Miami, FL 33156
786.870.5604 (Telephone)
jgolden@fieldshowell.com
gmast@fieldshowell.com
Attorneys for Certain Underwriters
at Lloyd's; Inter-Ocean Insurance Agency
St. Thomas, LLC and Red Hook Agencies, Inc.

Kenneth R. Behrend, Esq. (pro hac vice)
Behrend Law Group LLC
The Pittsburgher, Ste 1700
Pittsburgh, PA 15219
Tel. 412-391-4460
krbehrend@behrendlawgroup.com
-and-
Douglas Blake Chanco, Esq.
Chanco Schiffer
912 Holcomb Bridge Road, Ste 203
Roswell, GA 30076
Tel. 404-842-0909
doug@csfirm.com
Attorneys for Plaintiff

Michael L. Sheesley
MLSPC
P O BOX 307728
St Thomas, VI 00803
412-972-0412
Email: michael@sheesley-law.com
Attorney for Third-Party Defendant Cimarron
Property Management, Inc.

*/s/ Edward L. Barry*

*Virgin Grand Estates #60 Villa Ass'n*
*v. Certain Underwriters at Lloyd's,* 3:21-cv-74
Inter-Ocean's Motion to Voluntarily Dismiss Third-Party Claim
Page 4 of 4