**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **VIRGIN GRAND ESTATES #60 VILLA ASSOCIATION** a/k/a **VIRGIN GRAND NO. 60 HOMEOWNERS ASSOCIATION,** ) ) ) ) | |
| Plaintiff, ) ) | Case No. 3:21-cv-00074-RAM-RM |
| v. ) ) | |
| **INTER-OCEAN INSURANCE AGENCY, ST. THOMAS, LLC,** ) ) ) | |
| Defendant.[1] ) ) | |

**APPEARANCES:**

**DOUGLAS B. CHANCO, ESQ.**
CHANCO SCHIFFER LAW, LLC
ROSWELL, GA

**KENNETH R. BEHREND, ESQ.**
BEHREND LAW GROUP
PITTSBURGH, PA
    *FOR PLAINTIFF VIRGIN GRAND ESTATES #60 VILLA ASSOCIATION*

**SCOT F. MCCHAIN, ESQ.**
**EDWARD L. BARRY, ESQ.**
USVI LAW, LLC
CHRISTIANSTED, VI
    *FOR DEFENDANT INTER-OCEAN INSURANCE AGENCY,*
    *ST. THOMAS, LLC*

## MEMORANDUM OPINION

**BEFORE THE COURT** is Defendant Inter-Ocean Insurance Agency, St. Thomas, LLC's Motion for Partial Judgment on the Pleadings (Mot.) (ECF No. 119), filed March 12, 2023.

---

[1] Because the Court has dismissed all claims against Defendants Certain Underwriters at Lloyd's, London, Subscribing to Policy Nos. GL-5218-028 AND GL-5740-028, and Red Hook Agencies, Inc. (*see* Order (ECF No. 93), entered September 28, 2022, and Order (ECF No. 98), entered October 12, 2022), as well as dismissing the Third-Party Complaint (*see* Order (ECF No. 150), entered June 29, 2023), Inter-Ocean is the sole remaining defendant; thus, the caption should appear as hereinabove.

Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC
Case No. 3:21-cv-00074-RAM-RM
Memorandum Opinion
Page 2 of 8

Plaintiff filed a response on April 3, 2023, (ECF No. 130), and said Defendant filed a reply in support of its motion, (ECF No. 132), on April 17, 2023. For the reasons stated below, the Court will grant in part and deny in part the motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Because the Court writes for the parties, the underlying facts will not be reiterated here.[2] Currently, Defendant Inter-Ocean Insurance Agency, St. Thomas, LLC (Inter-Ocean), is the sole defendant, after the Court's dismissal of Defendants Certain Underwriters at Lloyd's, London (Underwriters), and Red Hook Agencies, Inc. (Red Hook), and Third-Party Defendant Cimmaron Property Management, Inc. *See* Orders at ECF Nos. 93, 98, and 150. Inter-Ocean believes it is entitled to judgment on the pleadings, that is, dismissal, of three of the remaining four counts asserted against it.

## II. LEGAL STANDARD

Inter-Ocean properly brings its motion under Federal Rule of Civil Procedure 12(c)[3] because the pleadings are closed. *See* Answer of Inter-Ocean Insurance Agency to First Amended Complaint; Third-Party Complaint (ECF No. 61). The standard of review applicable to a Rule 12(c) motion for judgment on the pleadings is the same as a motion to dismiss brought under Rule 12(b)(6). *See, e.g., Zimmerman v. Corbett*, 873 F. 3d 414, 417 (3d Cir. 2017) ("'A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed under the same standards that apply to a Rule 12(b)(6) motion.'" (footnote omitted)); *Boone v. Solid Wood Cabinet Co., LLC*, Civ. No. 17-4323 (KM) (JBC), 2018 U.S. Dist. LEXIS 91980, at *4 (D.N.J. May 31, 2018) ("A motion for judgment on the pleadings is often indistinguishable from a motion to dismiss, except that it is made after the filing of a responsive pleading. Fed. R. Civ. P. 12(h)(2) 'provides that a defense of failure to state a claim upon which relief can be granted may also be made by a motion for judgment on the pleadings.' *Turbe v. Gov't of Virgin Islands*, 938 F. 2d 427, 428 (3d Cir. 1991). Accordingly, when a Rule 12(c) motion asserts that the complaint fails to state a claim,

---

[2] A full recitation of the background facts may be reviewed in the Court's previous Memorandum Opinions docketed at ECF Nos. 92 and 97.

[3] Rule 12(c) provides: "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

Case: 3:21-cv-00074-RAM-RM   Document #: 206   Filed: 01/12/24   Page 3 of 8

Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC
Case No. 3:21-cv-00074-RAM-RM
Memorandum Opinion
Page 3 of 8

the familiar Rule 12(b)(6) standard applies. *Id.*"); *Ivers v. Brentwood Borough Sch. Dist.*, Civil Action No. 2:20-1244, 2021 U.S. Dist. LEXIS 36675, at *3 (W.D. Pa. Feb. 26, 2021) ("The primary distinction between motions under Rules 12(b)(6) and 12(c) is timing: if a motion is filed before an answer, it is a motion to dismiss; if it is filed after the answer, it is a motion for judgment on the pleadings. The distinction between these motions is merely semantic because the same standard of review generally applies to both." (citing *Turbe v. Government of the Virgin Islands*, 938 F.2d 427, 428 (3d Cir. 1991)). As the *Ivers* court notes, the only meaningful difference between the two motions "is not the standard of a court's review, but its scope. Unlike with motions to dismiss, a court reviewing a motion for judgment on the pleadings considers not only the complaint, but also the written answer and attachments to the pleadings." *Ivers*, 2021 U.S. Dist. LEXIS 36675, at *4. Thus,

> [a] motion for judgment on the pleadings should be granted if the movant establishes that "there are no material issues of fact, and he is entitled to judgment as a matter of law." In considering a motion for judgment on the pleadings, a court must accept all of the allegations in the pleadings of the party against whom the motion is addressed as true and draw all reasonable inferences in favor of the non-moving party.

*Zimmerman*, 873 F. 3d at 417-18 (footnotes omitted).

The Supreme Court set forth the "plausibility" standard for overcoming a motion to dismiss in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), and refined this approach in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard requires the complaint to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A complaint satisfies the plausibility standard when the factual pleadings "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint which pleads facts "merely consistent with a defendant's liability, . . . stops short of the line between possibility and plausibility of entitlement of relief." *Id.* (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557).

To determine the sufficiency of a complaint under the plausibility standard, the Court must take the following three steps:

Case: 3:21-cv-00074-RAM-RM   Document #: 206   Filed: 01/12/24   Page 4 of 8

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-00074-RAM-RM
Memorandum Opinion
Page 4 of 8

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief."

*Santiago v. Warminster Twp.*, 629 F. 3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 674, 679).

## III. DISCUSSION

Plaintiff's First Amended Complaint (FAC)[4] alleges four specific counts against Inter-Ocean: Counts IV, VI, VIII, and X.[5]

### A. Count IV (Negligence)

Inter-Ocean acknowledges that Count IV, a claim for negligence, "is concededly not susceptible of disposition under Rules 12(b)(6) or 12(c)." Mot. at 5. Thus, this count need not be addressed by the Court at this time.

### B. Count VI (Breach of Fiduciary Duty)

Moving to Count VI, a claim for breach of fiduciary duty, Inter-Ocean argues that Plaintiff cannot demonstrate the fourth element of the tort, namely, that any breach by Inter-Ocean, as Plaintiff's fiduciary, was the proximate cause of the harm. Mot. at 6-7.

In the Virgin Islands, the elements of the tort of breach of fiduciary duty include: "'(1) that a fiduciary relationship exists; (2) that the fiduciary breached the duty imposed by said relationship; (3) that the plaintiff must have been harmed; and (4) that the fiduciary's breach was the proximate cause of said harm.'" *Arvidson v. Buchar*, 72 V.I. 638, 645 (Super. Ct. 2020) (quoting *Guardian Ins. Co. v. Khalil*, 63 V.I. 3, 18 (Super. Ct. 2012)). Inter-Ocean does not dispute the Court's finding that "'Inter-Ocean acted as broker for Plaintiff.'" Mot. at 5 (citing ECF No. 97 at 9, reported at *Virgin Grand Ests. #60 Villa Ass'n v. Certain Underwriters at Lloyd's, London*, No. 3:21-cv-00074, 2022 WL 7006213, at *5 (D.V.I. Oct. 12, 2022)). Thus, Plaintiff has established the first element of the tort. Nor does Inter-Ocean explicitly dispute that Plaintiff has or could demonstrate the second and third elements of the tort. *See* Mot. at

---

[4] The First Amended Complaint is docketed at ECF No. 18 in the record.
[5] Count XII, a RICO claim, is alleged against all the defendants, but has been dismissed in its entirety by the Court. *See* Order (ECF No. 98), entered October 12, 2022, at 3. This count, therefore, is no longer viable.

Case: 3:21-cv-00074-RAM-RM  Document #: 206  Filed: 01/12/24  Page 5 of 8

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-00074-RAM-RM
Memorandum Opinion
Page 5 of 8

5-7. Inter-Ocean maintains, regarding the fourth element, that "Plaintiff has not plausibly alleged that the 'fiduciary's breach was the proximate cause of [any] harm.' *Virgin Grand II*, 2022 WL 7006213, at *3." Mot. at 6.

Inter-Ocean appears to base its position upon some of the allegations contained in the count referring to the fact that the application submitted by Plaintiff in March 2018 was marked as "renewal" instead of reflecting the fact that the insurance policy had lapsed and, thus, could not be "renewed." *See* Mot. at 6-7; FAC at ¶¶ 267-73. However, the Court finds that Plaintiff's claim is supported by the allegations regarding Inter-Ocean's failure to communicate Underwriters' willingness to renew the policy when it was informed of such fact by Red Hook in January 2018, prior to the expiration of the policy on February 1, 2018. *See* FAC at ¶¶ 265-66; *see also* Plaintiff's Response [to] Inter-Ocean Insurance Agency's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) (Response) (ECF No. 130) at 1-2 ("The remaining claims in this case are against Defendant Inter-Ocean and arise from Inter-Ocean's failure to procure the renewal of Virgin Grand's commercial general liability insurance policy." (footnote omitted)). This alleged breach of duty could be found to have proximately caused the harm suffered by Plaintiff. Accepting the factual allegations of the complaint as true and construing all reasonable inferences in favor of Plaintiff, the Court finds that Plaintiff has alleged a plausible claim for breach of fiduciary duty. In addition, because this claim is predicated upon the fiduciary relationship between Plaintiff and Inter-Ocean, which employs a different standard of care than ordinary negligence, the Court disagrees with Inter-Ocean that the claim is duplicative of the negligence claim contained in Count IV. *See* Mot. at 6.

### C. Count VII (Fraudulent Concealment)

Regarding this count, Inter-Ocean relies upon the Court's earlier ruling dismissing similar claims against Red Hook. Mot. at 7. Such reliance is misplaced.

> To state a claim for fraudulent concealment, a plaintiff must plead that: (1) the defendant concealed or suppressed a material fact; (2) the defendant had a duty to disclose the fact to the plaintiff; (3) the defendant knew or had reason to know that the material fact had been concealed or suppressed; (4) the defendant concealed or suppressed the material fact for the purpose of inducing the plaintiff to act or refrain from acting; and (5) the plaintiff suffered

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-00074-RAM-RM
Memorandum Opinion
Page 6 of 8

> pecuniary loss caused by the his or her justifiable reliance on the concealed or suppressed material fact.

*Government of the U.S. Virgin Islands v. Takata Corp.*, 67 V.I. 316, 417 (Super. Ct. 2017). First, the Court found that Red Hook had no duty to disclose Underwriters' willingness to renew the insurance policy to Plaintiff. *See* Memorandum Opinion (ECF No. 97) at 12. Here, Inter-Ocean does not contest its fiduciary relationship with Plaintiff and the duties imposed thereby. Second, the alleged fraud asserted against Red Hook centered around Red Hook's alleged "alteration" of the insurance application as "renewal" instead of "new." FAC at ¶ 315. The fraud underlying the count against Inter-Ocean is not based upon the "renewal" application; rather, Plaintiff alleges fraud against Inter-Ocean for its failure to communicate or otherwise act upon Underwriters' willingness to renew the policy when Inter-Ocean received that information several weeks before the policy expired. *See* FAC ¶¶ 308-12. Third, regarding the "detrimental reliance" element of fraud,[6] as Inter-Ocean itself notes:

> [t]he Virgin Islands cases cited refer to "justifiable," as opposed to "reasonable," reliance. In *Merchants Com. Bank v. Oceanside Vill., Inc.*, 64 V.I. 3, 2015 WL 9855658 (Super.Ct. [sic] 2015)— a case cited with general approval by the Virgin Islands Supreme Court in *Love Peace*, at ¶ 11— the Superior Court commented: "Depending on the jurisdiction, reliance must be either reasonable or justifiable, although no distinction appears to exist between these terms." 64 V.I. at 27. Actually, there is a recognized difference: one measures the plaintiff's conduct against the objective, reasonable person standard; the other—a more forgiving standard from the plaintiff's perspective—takes into account individual capabilities or limitations. *See, e.g., Field v. Mans*, 516 U.S. 59, 73–75 (1995) (holding that § 523(a)(2)(A) of the

---

[6] The Court has stated the following regarding fraud:

> To sufficiently plead fraud, a plaintiff must demonstrate, "(1) a false representation, (2) in reference to [a] material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive," and (5) detrimental reliance, or "action taken in reliance upon the representation." *Fin. Trust Co., Inc. v. Citibank, N.A.*, 351 F. Supp. 2d 329, 332, 46 V.I. 435 (D.V.I. 2004); *Shillingford v. Hess Oil of the V.I.*, 2009 U.S. Dist. LEXIS 53371, at *28-29 (D.V.I. June 18, 2009). A fraudulent inducement claim has essentially the same elements as common law fraud. *Beachside Assocs., LLC v. Okemo Ltd. Liab. Co.*, 50 V.I. 1042, 1047 (D.V.I. 2008) (citing *Charleswell v. Chase Manhattan Bank, N.A.*, 308 F. Supp. 2d 545, 568-69, 45 V.I. 495 (D.V.I. 2004)).

*Kiskidee, LLC v. Certain Interested Underwriters at Lloyd's of London*, Civil Action No. 2009-077, 2012 U.S. Dist. LEXIS 38289, at *6-7 (D.V.I. Mar. 21, 2012).

Case: 3:21-cv-00074-RAM-RM Document #: 206 Filed: 01/12/24 Page 7 of 8

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-00074-RAM-RM
Memorandum Opinion
Page 7 of 8

> Bankruptcy Act, providing that certain fraud-related debt is nondischargeable, "requires justifiable, but not reasonable, reliance").
>
>> Although the plaintiff's reliance on the misrepresentation must be justifiable ... this does not mean that his conduct must conform to the standard of the reasonable man. Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case, rather than of the application of a community standard of conduct to all cases.
>
> 516 U.S. at 70-71, quoting Restatement (Second) of Torts § 545A, Cmt. B.

Mot. at 8 n.4. Because any finding of Plaintiff's reliance upon the alleged misrepresentation takes into consideration "the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case," the Court agrees with Plaintiff that "justifiable reliance" is a question of fact for the trier of fact to determine. *See* Response at 17-19. Thus, construing the First Amended Complaint in the light most favorable to Plaintiff, the Court finds that it has alleged a plausible claim for fraudulent concealment against Inter-Ocean.

### D. Count X (Aiding and Abetting Fraudulent Concealment)

Plaintiff alleges in this count that Inter-Ocean is liable for aiding and abetting Red Hook's fraudulent concealment. FAC at ¶¶ 322, 328. However, the Court has found that Plaintiff could not maintain a claim for fraudulent concealment against Red Hook because it did not plausibly allege that Red Hook owed Plaintiff any fiduciary duty. *See* Memorandum Opinion (ECF No. 97) at 12. In addition, the Court found that Plaintiff could not show that Red Hook made a false statement or that it detrimentally relied upon the alleged fraud, that is, the altering of the insurance application. *Id*. at 13-14. Because the claim of fraudulent concealment against Red Hook has been dismissed, no claim for aiding and abetting fraudulent concealment can lie against Inter-Ocean. Consequently, the Court will grant the motion as to this count.

### IV. CONCLUSION

Accepting the allegations of the FAC against Inter-Ocean as true and construing all reasonable inferences in Plaintiff's favor, the Court determines that Plaintiff has plausibly alleged claims for breach of fiduciary duty and fraudulent concealment against said Defendant. The claim for fraudulent concealment as against Red Hook has been dismissed.

```
```


*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-00074-RAM-RM
Memorandum Opinion
Page 8 of 8

Concomitantly, the claim against Inter-Ocean for aiding and abetting Red Hook's fraudulent concealment also must be dismissed. Hence, the Court will grant in part and deny in part Inter-Ocean's motion for judgment on the pleadings. An appropriate order follows.

**Dated:** January 12, 2024                     /s/ *Robert A. Molloy*
                                                **ROBERT A. MOLLOY**
                                                **Chief Judge**