**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **VIRGIN GRAND ESTATES #60 VILLA ASSOCIATION, a/k/a VIRGIN GRAND ESTATES No. 60 HOMEOWNERS ASSOCIATION,** )<br>)<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**INTER-OCEAN INSURANCE AGENCY, ST. THOMAS, LLC,** )<br>)<br>**Defendant.** ) | Case No. 3:21-cv-0074 |

**ATTORNEYS:**

DOUGLAS B. CHANCO, ESQ.
JD Law Group, LLC
Roswell, GA

KENNETH R. BEHREND, ESQ.
BEHREND LAW GROUP, LLC
PITTSBURGH, PA
   *For Plaintiff Virgin Grand Estates #60 Villa Association*

EDWARD L. BARRY, ESQ.
SCOT F. MCCHAIN, ESQ.
USVI Law, LLC
Christiansted, VI
   *For Defendant Inter-Ocean Insurance Agency*

**MEMORANDUM OPINION**

**BEFORE THE COURT** is Defendant Inter-Ocean Insurance Agency-St. Thomas, LLC's ("Inter-Ocean") Motion to Exclude Expert Testimony of Knowe[s], filed on February 19, 2024.[1] (ECF No. 216.) Plaintiff Virgin Grand Estates #60 Villa Association ("Virgin Grand") filed an opposition on March 11, 2024. (ECF No. 221.) Inter-Ocean filed a reply on March 17, 2024. (ECF No. 222.) For the following reasons, the Court will grant the motion.

---

[1] Inter-Ocean erroneously identifies Virgin Grand's expert as "Robert Knowes." (ECF No. 216.) According to the expert report attached to Inter-Ocean's memorandum of law, the correct name of Virgin Grand's expert is Peter Knowe. (ECF No. 217-1.)

Case: 3:21-cv-00074-RAM-GAT   Document #: 267   Filed: 09/30/24   Page 2 of 9

*Virgin Grand Estates #60 Villa Assoc. v. Inter-Ocean Ins. Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page **2** of **9**

## I.   BACKGROUND

Virgin Grand alleges in its First Amended Complaint that Inter-Ocean is a broker who procured commercial general liability insurance to Virgin Grand annually, starting in January 2011. Virgin Grand further alleges that, despite knowing in January 2018 that it was time to renew the policy, Inter-Ocean did not provide Virgin Grand with the renewal annual premium, the date and time the policy would expire if not renewed, and the renewal application, until March 6, 2018. It was not until January of 2020, after being served with a notice of a lawsuit, that Virgin Grand learned for the first time that an individual by the name of Michael Stinchfield ("Stinchfield") was allegedly injured while working on Virgin Grand's property on February 23, 2018. The lawsuit claimed damages for the personal injuries he sustained. After the claim was submitted to Inter-Ocean, an investigation determined that Virgin Grand had no insurance coverage from February 2, 2018, to March 12, 2018.

Virgin Grand filed this lawsuit asserting claims against Inter-Ocean for negligence,[2] breach of fiduciary duty,[3] and fraudulent concealment.[4] Virgin Grand intends to present the testimony of its insurance expert, Peter Knowe to testify on certain aspects in this case. Inter-Ocean now seeks to exclude this testimony.

## II.   LEGAL STANDARD

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if the proponent demonstrates to the court that it is more likely than not that:

---

[2] "The foundational elements of a negligence cause of action are: (1) a legal duty of care to the plaintiff; (2) defendant's breach of that duty of care; (3) factual and legal [often referred to as 'proximate'] causation; and (4) damages." *Aubain v. Kazi Foods of V.I., Inc.*, 70 V.I. 943, 948-49 (V.I. 2019).

[3] To establish a breach of fiduciary duty cause of action, a plaintiff must prove: "1) that a fiduciary relationship exists, 2) that the fiduciary breached the duty imposed by said relationship, 3) that the plaintiff must have been harmed, and 4) that the fiduciary's breach was a proximate cause of said harm." *Ebner v. Petrohan,* No. ST-14-CV-537, 2018 WL 3996888, at *7 (V.I. Super. Aug. 14, 2018).

[4] To establish a fraudulent concealment cause of action, a plaintiff must prove that: "(1) the defendant concealed or suppressed a material fact; (2) the defendant had a duty to disclose the fact to the plaintiff; (3) the defendant knew or had reason to know that the material fact had been concealed or suppressed; (4) the defendant concealed or suppressed the material fact for the purpose of inducing the plaintiff to act or refrain from acting; and (5) the plaintiff suffered pecuniary loss caused by the his or her justifiable reliance on the concealed or suppressed material fact." *Gov't of United States Virgin Islands v. Takata Corp.,* 67 V.I. 316, 417 (V.I. Super. 2017).

Case: 3:21-cv-00074-RAM-GAT   Document #: 267   Filed: 09/30/24   Page 3 of 9

Virgin Grand Estates #60 Villa Assoc. v. Inter-Ocean Ins. Agency, St. Thomas, LLC
Case No. 3:21-cv-0074
Memorandum Opinion
Page **3** of **9**

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Third Circuit "explained that Rule 702 embodies a trilogy of restrictions on expert testimony: qualification, reliability and fit." *Schneider ex rel. Est. of Schneider v. Fried*, 320 F.3d 396, 404 (3d Cir. 2003). "Qualification refers to the requirement that the witness possess specialized expertise." *Id.* Reliability requires that the expert testimony "be based on the 'methods and procedures of science' rather than on 'subjective belief or unsupported speculation.'" *Id.* "[T]he inquiry as to whether a particular scientific technique or method is reliable is a flexible one," and it is based on consideration of all factors that are relevant to a particular case. *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 742 (3d Cir. 1994). The expert testimony also "must fit the issues in the case," which means that it "must be relevant for the purposes of the case and must assist the trier of fact." *Schneider ex rel. Est. of Schneider*, 320 F.3d at 404. "*Daubert* explains that, '[f]it' is not always obvious, and scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes.' Thus, even if an expert's proposed testimony constitutes scientific knowledge, his or her testimony will be excluded if it is not scientific knowledge *for purposes of the case.*" *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d at 743 (quoting *Daubert*, 509 U.S. at 591).

"[O]nce the court has found it more likely than not that the admissibility requirement has been met, any attack by the opponent will go only to the weight of the evidence." Fed. R. Evid. 702 advisory committee's note to 2023 amendment.

### III.   DISCUSSION

Inter-Ocean does not challenge Knowe's qualification as an expert witness in the field of insurance industry standards and practices,[5] but argues that Knowe does not meet the

---

[5] Inter-Ocean's conclusory assertion in its motion that "there is no indication that he possesses specialized expertise in industry standards and practices relating to the retroactive 'renewal' of expired 'occurrence-based' liability policies—a key issue in this case," (ECF No. 217 at 4), is insufficient to constitute a challenge to Knowe's qualifications; thus, any challenge to Knowe's qualifications is waived. *Barna v. Bd. of Sch. Directors of Panther Valley Sch. Dist.*, 877 F.3d 136, 146-47 (3d Cir. 2017) (explaining that a movant is required to raise all issues and present arguments in support of those issues in the opening brief and "all arguments must be supported

Case: 3:21-cv-00074-RAM-GAT    Document #: 267    Filed: 09/30/24    Page 4 of 9

*Virgin Grand Estates #60 Villa Assoc. v. Inter-Ocean Ins. Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page **4** of **9**

reliability and the fit requirements because his opinions are full of legal conclusions, based on unsubstantiated speculation or misstatements of the underlying facts, and they lack analysis demonstrating that his methodologies and conclusions are sound and supported by industry standards and practices. Virgin Grand contends that: (1) "the duties of an insurance broker are not common knowledge to the average juror" and it needs expert testimony to establish those duties; (2) reliability is not premised on Inter-Ocean's concept of correctness; (3) Knowe provided multiple industry standards and statutory guidelines upon which he relied in his report; and (4) Knowe's testimony will educate "the jury on broker's duties which are based upon industry custom and practices as well as insurance regulations and statute, which are outside of the common knowledge of the average juror." (ECF No. 221 at 5-6.)

In his report, Knowe asserts that "the insurance industry has adopted various standards and practices for the handling of insurance claims," and identifies the following "standards for broker handling" in a section styled "Insurance Industry Standards and Practices":

a. The broker must treat its insured's interests with equal or greater regard to its own as a fiduciary;
b. The broker should assist the insured with the presentation of the application;
c. The broker must never materially alter or change any application for coverage without prior notice and full consent of the insured;
d. The broker should be open and honest in all of its dealings with its insured;
e. The broker should give timely notice in writing to the insured of expiration of coverage;
f. The broker should seek to maintain coverage without any gaps in coverage for the insured;
g. The broker must never change a renewal application into a new application without notice and written consent of the insured;
h. The broker must never add inception and expiration dates of coverage into an application without the prior notice and written consent of the insured; and
i. The broker should attempt to maintain coverage for the insured, if the gap in coverage was the error of the broker.

---

specifically by the reasons for them, with citations to the authorities and parts of the record on which the [movant] relies") (citation omitted).

Case: 3:21-cv-00074-RAM-GAT    Document #: 267    Filed: 09/30/24    Page 5 of 9

*Virgin Grand Estates #60 Villa Assoc. v. Inter-Ocean Ins. Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page **5** of **9**

(ECF No. 217-1 at 9.) In a section of his report styled "Opinions," Knowe provides opinions relying on Virgin Islands insurance law, namely, a definition of a broker, 22 V.I.C. § 751a(d),[6] Chapter 33 governing "The Insurance Contract," namely, "Alteration of application," 22 U.S.C. § 807(a),[7] and "Renewal of policy," 22 U.S.C. § 826,[8] and excerpts from certain terms contained in the Commercial General Liability Policy (the "CGL Policy") at issue, namely "Insurance Agreement"[9] and "Duties in the event of Occurrence Offense, Claim or Suit."[10] However, Knowe is not an expert in statutory and contractual interpretation and he fails to explain how his knowledge of insurance custom and practice enables him to interpret statutes and contracts; thus, Knowe's opinions based on such interpretations are outside of his expertise and usurp the Court's role. *Bainbridge v. U.S. Bank, N.A. as Tr. for C-Bass Mortg. Loan Tr. Asset-Back Certificates Series 2007-CB6*, No. 22-1521, 2023 WL 7318488, at *4 (3d Cir. Nov. 7, 2023) ("An expert cannot usurp the district court's role by testifying regarding the governing law or offering legal opinions."); *358 Liberation LLC v. Country Mut. Ins. Co.*, No. 15-CV-01758-RM-STV, 2017 WL 2333100, at *4 (D. Colo. May 30, 2017) (finding that Knowe

---

[6] "'Broker' means any person who, on behalf of the insured, for compensation as an independent contractor, for commission, or fee, and not being an agent of the insurer, solicits, negotiates, or procures insurance or reinsurance or the renewal or continuance thereof, or in any manner aids therein, for insureds or prospective insured other than himself." 22 V.I.C. § 751a(d).

[7] "Any application for insurance in writing by the applicant shall be altered solely by the applicant or by his written consent, except that insertions may be made by the insurer for administrative purposes only in such manner as to indicate clearly that such insertions are not to be ascribed to the applicant. Violation of this provision shall be a misdemeanor." 22 V.I.C. § 807(a).

[8] "Any insurance policy terminating by its terms at a specified expiration date and not otherwise renewable, may be renewed or extended at the option of the insurer and upon a currently authorized policy form and at the premium rate then required therefor for a specific additional period or periods by a certificate or by endorsement of the policy, and without requiring the issuance of a new policy." 22 V.I.C. § 826.

[9] "We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages."

[10] "You must see to it that we are notified as soon as practicable of an 'occurrence' or an offense which may result in a claim. To the extent Possible, notice should include: (1.) How, when and where the "occurrence" or offense took place; (2.) The names and addresses of any injured persons and witnesses, and (3.) The nature and location of any injury or damage arising out of the 'occurrence' or offense."

Case: 3:21-cv-00074-RAM-GAT    Document #: 267    Filed: 09/30/24    Page 6 of 9

*Virgin Grand Estates #60 Villa Assoc. v. Inter-Ocean Ins. Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page **6** of **9**

was not an expert "in interpreting contract provisions, therefore, his statement—that the parties' contract entitled plaintiff to payment—falls outside his expertise").

Knowe does not identify in his opinions any specific insurance industry standard that he enumerates in his report under (a) through (i). Rather, just like he did in *358 Liberation LLC*, Knowe frequently uses the phrase "per insurance custom and practice" that "is placed at the end of sentences to disguise what would otherwise be regular lay opinion." *Id.* For example, after he quotes the statutory definition of a broker, Knowe opines that "Inter-Ocean performed the broker tasks listed in the above definition plus conducted normal business as a broker per insurance custom and practice." Notwithstanding that Knowe is not an expert in statutory interpretation, he fails to explain what "plus conducted normal business as a broker" means and he does not identify any specific "insurance custom and practice," including any specific standard that he enumerates as (a) through (i) in his report, to support his opinion. Using the phrase "per insurance custom and practice" at the end of the sentence and without identifying or explaining any relevant custom and practice is meaningless. Most importantly, the Court is not convinced that such meaningless use of the phrase "per insurance custom and practice" is helpful to the trier of fact or that the trier of fact needs any help in determining whether any tasks performed by Inter-Ocean satisfies any of the tasks listed in the statutory definition of a broker which will be provided by the Court in its instruction of the governing law. Knowe fails to explain how his expertise in industry standards "provides him with some vantage point unknown to a juror" in connection with his opinion. *Id.* After providing a statutory definition of a broker, Knowe opines that "Inter-Ocean owed a fiduciary duty to Virgin Grand, while it was performing the tasks of a broker." However, Knowe fails to identify or explain the nature of any fiduciary duty that he asserts Inter-Ocean owed to Virgin Grand under the Virgin Islands law or explain how any specific insurance industry standards (a) through (i) he enumerates in his report inform and support his opinion that Inter-Ocean owed a fiduciary duty to Virgin Grand.

Knowe further opines that "Inter-Ocean owed the duty to seek renewal coverage and maintain coverage without a gap following its normal business practice for Virgin Grand per insurance custom and practice" and "Inter-Ocean breached its fiduciary duty to renew CGL

Case: 3:21-cv-00074-RAM-GAT Document #: 267 Filed: 09/30/24 Page 7 of 9

*Virgin Grand Estates #60 Villa Assoc. v. Inter-Ocean Ins. Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page **7** of **9**

coverage without a gap and failed to inform Virgin Grand that the CGL Policy had a gap in coverage created by Inter-Ocean." These opinions are based on statements made without personal knowledge that "Virgin Grand intended to maintain the CGL Policy without any gap in coverage," and "Cimmaron on behalf of Virgin Grand honestly signed the renewal application in good faith and without misrepresentations." Knowe did not indicate that he has personal knowledge, expertise in or any other basis for discerning Virgin Grand's intent and whether Cimmaron acted honestly, in good faith, and with no misrepresentations. *Id.* ("Knowe simply has no knowledge of defendant's reasons for denying plaintiff's claim, nor does Knowe's expertise give him any reliable basis to discern defendant's motivations."). Moreover, the trier of fact does not need expert assistance in determining someone's intent, honesty, good faith, and the presence or absence of any misrepresentations because those issues fall within the trier of fact's common experience and knowledge. *See Mykolaitis v. Home Depot U.S.A., Inc.*, No. CV 13-1868 (MLC), 2016 WL 590213, at *3 (D.N.J. Feb. 11, 2016) ("Expert testimony is required where the subject matter is outside the common knowledge and experience of the average juror."); *Miller v. V.I. Wheel Est., LLC*, 75 V.I. 331, 341 (2021) ("Generally, '[t]echnical issues requiring expert testimony include 'engineering, *metallurgical*[,] and medical principles.'"). Knowe's conclusory opinion that "Inter-Ocean owed the duty to seek renewal coverage and maintain coverage without a gap following its normal business practice for Virgin Grand per insurance custom and practice" fails to identify any insurance custom and practice or standard he enumerates as (a) to (i) in his report or explain how any specific standard informs his opinion and applies to the facts of this case.

Knowe further opines that: (1) the Virgin Islands insurance law, 22 V.I.C. § 807(a), "covers the broker's duty on how to handle any change to the application by any party to the original application created by the named insured"; (2) "Virgin Grand relied on the fiduciary duty of its broker to never change or materially alter the renewal application without it's [sic] prior notice or written consent"; and (3) "[t]his was a material change to the application by Inter-Ocean per insurance custom and practice." Knowe's opinion interpreting the statutory provision 22 V.I.C. § 807(a) is outside of his expertise, improper, and erroneous,

Case: 3:21-cv-00074-RAM-GAT        Document #: 267        Filed: 09/30/24        Page 8 of 9

*Virgin Grand Estates #60 Villa Assoc. v. Inter-Ocean Ins. Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page **8** of **9**

because the provision on which he relies allows for "insertions made by the insurer for administrative purposes only," and the definition of "insurer" does not "include an insurance broker acting as a broker." 22 V.I.C. § 4. Knowe's statements that "Inter-Ocean was the party who knew of the gap in CGL coverage" and "Virgin Grand trusted that its CGL Policy renewal application was going to be submitted properly by Inter-Ocean and not altered in a material way" are not based on personal knowledge and the trier of fact does not need help in determining someone's knowledge or trust, which are issues within its sphere of knowledge and experience. To the extent that Knowe opines that the industry standard for broker handling identified in his report under (c) constitutes a fiduciary duty and "[t]his was a material change to the application by Inter-Ocean per insurance custom and practice," those opinions are conclusory and unsupported by any explanation or citation to any particular "insurance custom and practice" that speaks to the issues of what constitutes a fiduciary duty or a material change within insurance industry . Similarly, Knowe's opinion that "Inter-Ocean deviated from insurance custom and practice by making changes to the renewal application" is only one of the many improper legal conclusions in his report that is not based on a reliable application of the principles and methods to the facts of this case.

Although Virgin Grand asserts, without citation to any authority, that duties of the insurance broker are not common knowledge to the average juror, the Court is not convinced that is the case in this circumstance. In each of its causes of action asserted against Inter-Ocean for negligence, fiduciary duty, and fraudulent concealment, Virgin Grand invoked duties under the Virgin Islands insurance law, 22 V.I.C. §§ 2, 5, 1201-1204, 1209 (ECF No. 18 ¶ 204, negligence), 22 V.I.C. §§ 2, 1201, 1204, 1209 (ECF No. 18, ¶¶ 259, 261, 262, breach of fiduciary duty), and 22 V.I.C. § 807 (ECF No. 18, ¶ 307(b), fraudulent concealment). Knowe's conclusory opinions about Inter-Ocean's duties are essentially based on Virgin Islands insurance law and contractual provisions that he quotes in support. Knowe's failure to explain how the insurance standards (a) to (i) contained in his report relate to the statutory and contractual provisions or how they inform his opinion on the facts of this case apart from and beyond the statutory and contractual duties is fatal to Knowe's report. The Court finds that Knowe's report does not reflect a reliable application of the principles and methods to

Case: 3:21-cv-00074-RAM-GAT   Document #: 267   Filed: 09/30/24   Page 9 of 9

Virgin Grand Estates #60 Villa Assoc. v. Inter-Ocean Ins. Agency, St. Thomas, LLC
Case No. 3:21-cv-0074
Memorandum Opinion
Page **9** of **9**

the facts of the case, as required by Rule 702. Although the Third Circuit explained that, "even when jurors are well equipped to make judgments on the basis of their common knowledge and experience, experts may have specialized knowledge to bring to bear on the same issue which would be helpful," *Linkstrom v. Golden T. Farms*, 883 F.2d 269, 270 (3d Cir. 1989), the Court finds that under the circumstances of this case, Knowe's expert opinion will not assist the trier of fact to understand the evidence or determine a fact in issue. Knowe's report in this case suffers from many deficiencies as his report that was excluded in another case involving a cause of action under Louisiana law, in which the court stated the following with which this Court find is applicable in the instant case as well:

> This Court's review of the report indicates that most of the proffered opinions are nothing more than a series of conclusory statements supporting plaintiffs' view of the factual and legal issues in this case. These conclusions do not reflect the application of technical expertise. The report reads more like a closing statement delivered by a trial attorney than a technical analysis provided by an expert witness. Most of Mr. Knowe's conclusions are unmoored to any analysis or method, and his report sheds woefully little light on *why* the jury should accept his conclusions. It also offers numerous commonplace observations, such as that the insurer must inform the insured why it is denying a claim, or that it must adjust all claims presented. These observations are well within the comprehension of the average juror and will not provide any assistance in understanding the facts at issue.

*Imperial Trading Co. v. Travelers Prop. Cas. Co. of Am.,* 654 F. Supp. 2d 518, 521–22 (E.D. La. 2009).

### IV.   CONCLUSION

For the reasons stated above, the Court will grant Inter-Ocean's motion to exclude the expert report of Peter Knowe and he shall be precluded from testifying as an expert in this case. An appropriate Order follows.

**Dated:** September 30, 2024             */s/ Robert A. Molloy*
                                          **ROBERT A. MOLLOY**
                                          **Chief Judge**