IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| VIRGIN GRAND ESTATES #60 VILLA ASSOCIATION a/k/a VIRGIN GRAND ESTATES NO. 60 HOMEOWNERS ASSOCIATION,<br><br>   Plaintiff,<br><br>   v.<br><br>INTER-OCEAN INSURANCE AGENCY, ST. THOMAS, LLC,<br><br>   Defendant. | Case No. 3:21-cv-0074 |

## MEMORANDUM OPINION

**MOLLOY, Chief Judge**

  **BEFORE THE COURT** are the following motions:

1. Plaintiff's Motion for Reconsideration of the September 28, 2022 Order Granting Certain Underwriters at Lloyd's of London's Motion to Dismiss for Failure to State a Claim. (ECF No. 223);

2. Plaintiff's Motion for Reconsideration of the October 12, 2022 Order Granting Certain Red Hook Agencies' Motion to Dismiss for Failure to State a Claim. (ECF No. 228);[1] and

3. Plaintiff's Motion to Amend Complaint. (ECF No. 230.)

For the reasons stated below, the Court will deny the motions.

**I.**

As the Court has recited the facts of this case in its previous memorandum opinions and because the Court writes for the parties in this matter, who are intimately familiar with such facts, the Court will not reiterate them here. The record shows that Plaintiff Virgin Grand Estates #60 Villa Association ("Plaintiff") initiated this action on September 22, 2021, and then filed a First Amended Complaint on October 29, 2021. By Order entered September

---

[1] The Court notes that Defendant Inter-Ocean Insurance Agency, St. Thomas, LLC, also filed oppositions to the said motions by joining the oppositions to the motions filed by Defendant Certain Underwriters at Lloyd's, London, and Red Hook Agencies, Inc., respectively. *See* ECF Nos. 246 and 249.

Case: 3:21-cv-00074-RAM-GAT   Document #: 290   Filed: 03/24/25   Page 2 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 2 of 11

28, 2022, ECF No. 93, and accompanying Memorandum Opinion, ECF No. 92, the Court dismissed Counts I, II, III, and XII of the First Amended Complaint against Defendant Certain Underwriters at Lloyd's, London ("Underwriters"). (ECF No. 97.) On October 12, 2022, the Court entered its Order and accompanying Memorandum Opinion dismissing Counts V, VII, IX, and XI of the First Amended Complaint against Defendant Red Hook Agencies, Inc. ("Red Hook"), as well as dismissing Count XII of the First Amended Complaint in its entirety, as against all Defendants. (ECF No 98.) Plaintiff now seeks reconsideration of those orders and memorandum opinions. Additionally, Plaintiff relies upon the alleged facts and evidence set forth in its motions for reconsideration as grounds for its motion to amend.

## II.

### A. Motions for Reconsideration

Plaintiff cites Federal Rule of Civil Procedure 54 and the Court's Local Rules of Civil Procedure Rule 7.3(a)(2)-(3) as the basis for its motions to reconsider.

It is well-established that Fed. R. Civ. P. 54 is the "Rule from which the Court derives the authority to reconsider an interlocutory order, such as a grant or denial of partial summary judgment." *Andrews v. Lipenfield*, Case No. 2:19-cv-1443, 2024 U.S. Dist. LEXIS 78070, at *2 (W.D. Pa. February 23, 2024) (citing Fed. R. Civ. P. 54(b) ("any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment") and *State Nat'l Ins. Co. v. County of Camden*, 824 F.3d 399, 406 & n.14 (3d Cir. 2016) ("the District Court has the inherent power to reconsider prior interlocutory orders" and to "reconsider them when it is consonant with justice to do so."))). Because each of the Orders at issue in Plaintiff's motions to reconsider dismissed only some of the claims of Plaintiff's First Amended Complaint ("FAC") and did not adjudicate all the claims as against all the parties, they qualify as interlocutory orders and fall within the scope of Rule 54(b).

Regarding the applicable standard for ruling upon a Rule 54(b) motion to reconsider, our sister court for the Eastern District of Pennsylvania recently observed:

> Courts within this circuit differ on what standard to apply when reconsidering interlocutory orders. *See McCowan v. City of Phila.*, No. 19-3326, 2020 U.S. Dist. LEXIS 197065, 2020 WL 6262182, at *2 (E.D. Pa. Oct. 23, 2020) (collecting cases). Some require parties seeking reconsideration to demonstrate "(1) an intervening change in the controlling law; (2) the availability of new evidence

Case: 3:21-cv-00074-RAM-GAT   Document #: 290   Filed: 03/24/25   Page 3 of 11

Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC
Case No. 3:21-cv-0074
Memorandum Opinion
Page 3 of 11

> that was not available when the court issued its order; or (3) the need to correct a clear error or law or fact to prevent manifest injustice." *Shields v. Wiegand*, No. 20-2999, 2023 U.S. Dist. LEXIS 65568, 2023 WL 2955897, at *1 (E.D. Pa. Apr. 14, 2023) (citations omitted). Others ask whether reconsideration is "consonant with justice," a more lenient standard. *Qazizadeh v. Pinnacle Health Sys.*, 214 F. Supp. 3d 292, 295 (M.D. Pa. 2016). In either case, reconsideration does not provide "a second bite at the apple." *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995); *see also Qazizadeh*, 214 F. Supp. 3d at 295. Nor does it permit a party to assert new arguments that should have been "raised earlier." *United States v. Dupree*, 617 F.3d 724, 732 (3d Cir. 2010) (internal quotation and citation omitted); *see also Qazizadeh*, 214 F. Supp. 3d at 296.

*Gillman v. AAA Mid-Atlantic Ins. Grp.*, CIVIL ACTION No. 23-3757, 2024 U.S. Dist. LEXIS 184269, at *1-2 (E.D. Pa. October 9, 2024).

In the absence of controlling caselaw, the Court is mindful of the "general rule that motions for reconsideration should be granted only 'sparingly.'" *Pharmastem Therapeutics v. Viacell, Inc.*, Case No. 02-148 GMS, 2004 U.S. Dist. LEXIS 25176, at *5 (D. Del. Dec. 14, 2004) (citations omitted)). Moreover, it is well established that motions for reconsideration "are not substitutes for appeals and are not to be used as 'a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not.'" *United States v. Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))); *see also, e.g., Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) ("The scope of a motion for reconsideration, we have held, is extremely limited. Such motions are not to be used as an opportunity to relitigate the case . . . ." (citing *Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 251 (3d Cir. 2010))). *See also Pharmastem Therapeutic*, 2004 U.S. Dist. LEXIS 25176, at *5 (where the court remarks that motions for reconsideration "are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension" (citations omitted)). These considerations guide the Court's analysis, even if the Court were to apply a "more lenient" standard.

Under Rule 7.3 of the Local Rules of Civil Procedure:

Case: 3:21-cv-00074-RAM-GAT    Document #: 290    Filed: 03/24/25    Page 4 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 4 of 11

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed in accordance with LRCi 6.1(b)(3). A motion to reconsider shall be based on: (1) an intervening change in controlling law; (2) the availability of new evidence, or; (3) the need to correct clear error or prevent manifest injustice.

LRCi 7.3(a). The Court notes that these are the same bases courts consider when analyzing a motion filed pursuant to Federal Rules of Civil Procedure Rule 59(e).[2] Plaintiff cites to subparagraphs (2) and (3) of LRCi 7.3(a) as grounds for its motions for reconsideration. *See* ECF No. 223 at 1; ECF No. 228 at 1.

The second basis provided in the rule, the availability of new evidence, has been interpreted to mean newly discovered evidence or evidence that was unavailable at the time the initial order or decision was rendered. *See, e.g., Blystone v. Horn*, 664 F.3d 397, 415-16 (3d Cir. 2011) ("'We have made clear that "new evidence," for reconsideration purposes, does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.' [*Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc.*, 602 F.3d 237, 252 (3d Cir. 2010)]. Evidence that is not newly discovered, as so defined, cannot provide the basis for a successful motion for reconsideration." (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985))); *Interfaith Cmty. Org., Inc. v. PPG Indus., Inc.*, 702 F. Supp. 2d 295, 317-18 (D.N.J. 2010) ("[T]he moving party has the burden of demonstrating the evidence was unavailable or unknown at the time of the original hearing." (citing *Desantis v. Alder Shipping Co.,* No. 06-1807 (NLH), 2009 U.S. Dist. LEXIS 13535, at *3 (D.N.J. Feb 20, 2009) (citing *Levinson v. Regal Ware, Inc.,* No. 89-1298, 1989 U.S. Dist. LEXIS 18373, 1989 WL 205724, at *3 (D.N.J. Dec. 1, 1989)))).

---

[2] Rule 59(e) provides: "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). As nearly universally held, in this circuit:

> A party seeking reconsideration under Rule 59(e) must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."

*Swint v. United States*, No. 24-2222, 2025 U.S. App. LEXIS 814, at *7 (3d Cir. Jan. 14, 2025) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

Case: 3:21-cv-00074-RAM-GAT    Document #: 290    Filed: 03/24/25    Page 5 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 5 of 11

Further, courts in this judicial circuit have required not only that the evidence be "new," but also that it is of such importance that it "would alter the disposition of the case." *Interfaith Cmty. Org.*, 702 F. Supp. 2d at 317. ("To permit reconsideration when new evidence becomes available, the moving party must present new evidence that would alter the disposition of the case." (citing *Church & Dwight Co. v. Abbott Labs.,* 545 F. Supp. 2d 447, 450 (D.N.J. 2008)). *See also Morris v. Crawford (In re Zimmer)*, Case No. 17-20543-JAD, Chapter 7, Related to ECF Nos. 611 and 618, 2021 Bankr. LEXIS 2874, at *17 (Bankr. W.D. Pa. Oct. 18, 2021) (where the court also emphasizes that a movant is entitled to reconsideration only when the order at issue overlooked an issue that alters the disposition of the matter: "As one court aptly summarized this standard, '[t]he Court will grant a motion for reconsideration only when its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter.' *In re Secivanovic*, 2006 U.S. Dist. LEXIS 79155, [WL] at *3 (citing *United States v. Compaction Sys. Corp.*, 88 F. Supp.2d 339, 345 (D.N.J. 1999)). The word 'overlooked' is an operative term. *Id.* (citing *Bowers v. NCAA*, 130 F. Supp. 2d 610, 612 (D.N.J. 2001))").

> Regarding the third basis given by the rule, this Court has observed:
>
> [U]nder the established law, clear error exists if, "'after reviewing the evidence,' [the reviewing court is] 'left with a definite and firm conviction that a mistake has been committed.'" *Norristown Area Sch. Dist. v. F.C.*, 636 F. App'x 857, 861 n.8 (3d Cir. 2016) (quoting *Oberti v. Bd. of Educ.*, 995 F.2d 1204, 1220 (3d Cir. 1993)). In the context of a motion to reconsider, manifest injustice "[g]enerally [ ] means that the Court overlooked some dispositive factual or legal matter that was presented to it." *Greene v. Virgin Islands Water & Power Auth.*, 2012 U.S. Dist. LEXIS 144382, 2012 WL 4755061, at *2 (D.V.I. Oct. 5, 2012) (quoting *In re Rose*, 2007 U.S. Dist. LEXIS 64622, at *3 (D.N.J. Aug. 30, 2007)). "Manifest injustice has also been defined as an 'error in the trial court that is direct, obvious, and observable.'" *Id.* (quoting *Tenn. Prot. & Advocacy, Inc. v. Wells*, 371 F.3d 342, 348 (6th Cir. 2004)).

*Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021); *see also, e.g., Plaskett v. Cruz*, Case No. 3:17-cv-0067, 2021 U.S. Dist. LEXIS 178563, at *2 (D.V.I. Sept. 20, 2021).

Plaintiff argues that contrary to the Court's finding in both of the orders and memorandum opinions at issue, the 2017 insurance policy did not expire; rather, based upon the testimony of Leroy Walker, the policy was "non-renewed" and, consequently,

Case: 3:21-cv-00074-RAM-GAT   Document #: 290   Filed: 03/24/25   Page 6 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 6 of 11

Underwriters was required to give notice of such non-renewal as provided in the policy.[3] Memorandum (ECF No 224) at 3-4.[4]

Even though courts may apply slightly different standards for a Rule 54(b) motion to reconsider than those considered for motions filed under Rule 59(e), because Plaintiff specifically states that it bases the motions upon LRCi 7.3 and, primarily, upon newly discovered evidence, the Court looks to cases interpreting Rule 59(e) for guidance.[5] Plaintiff claims that the testimony it offers in support of its motions was not available at the time the Court entered its orders on September 28, 2022, and October 12, 2022, respectively. The oral deposition of Joycelyn Claxton was taken on November 2, 2023, and the oral deposition of Leroy Walker, vice-president of Defendant Inter-Ocean, was taken on January 19, 2024. These depositions clearly were held after the Court entered the orders Plaintiff seeks to have reconsidered. However, in order to qualify as "newly-discovered evidence" for purposes of reconsideration, Plaintiff must show that the evidence "alters the disposition of the case." *See supra*.

Keeping in mind that motions for reconsideration "are not to be used . . . 'for rearguing matters already addressed by the court . . . '" *United States v. Matthias*, Case No. 3:19-cr-0069, 2022 U.S. Dist. LEXIS 106707, at *7 (D.V.I. June 15, 2022) (quoting *Cabrita Point Dev., Inc. v. Evans*, 52 V.I. 968, 975 (D.V.I. 2009) (quoting *Bostic v. AT&T of the V.I.*, 312 F. Supp. 2d 731, 733, 45 V.I. 553 (D.V.I. 2004))), the Court reiterates that, "where the terms of a contract or agreement are unambiguous, 'resort to extrinsic evidence is '"unnecessary and even inappropriate."'" Mem. Op. (ECF No. 92) at 8 n.2 (quoting *Korsun v. Guardian Ins. Co.*, 1:18-cv-00047, 2021 U.S. Dist. LEXIS 204077, at *6 (D.V.I. Oct. 22, 2021) (quoting McDonald v. Davis, 51 V.I. 573, 590 (D.V.I. 2009))). Here, the Court is not persuaded that the terms of the

---

[3] While the Court cites herein to portions of the Court's order and memorandum opinion (ECF Nos. 92 and 93), as well as Plaintiff's motion concerning Underwriters, Plaintiff advances the exact same argument regarding the expiration of the 2017 insurance policy in its motion to reconsider the Court's order and memorandum opinion regarding Red Hook (ECF Nos. 97 and 98).

[4] *But see* those portions of Mr. Walker's deposition cited by Underwriters where Mr. Walker states that the policy had expired, and that Inter-Ocean knew that Underwriters was willing to renew the policy. ECF No. 244 at 8-10.

[5] This Court has noted that the grounds for a motion for reconsideration enumerated in the local rule are the same as those considered for Rule 59(e) motions. *Simon v. Mullgrav*, Civil Action No. 2017-0007, 2021 U.S. Dist. LEXIS 165926, at *6 (D.V.I. Sept. 1, 2021). *See also supra* at 4 and n.2.

Case: 3:21-cv-00074-RAM-GAT Document #: 290 Filed: 03/24/25 Page 7 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 7 of 11

insurance contract are ambiguous, and, thus, is not persuaded to reconsider its finding that the policy expired by its terms.

Even if the Court were to accept Plaintiff's reliance upon extrinsic evidence, the Court finds this testimony by the representative of Inter-Ocean unpersuasive to justify reconsideration. Mr. Walker's testimony cannot be credited since he does not represent Underwriters and cannot speak to its intent.[6] Moreover, this cited testimony directly contradicts Underwriters' willingness to renew, which was communicated through its coverholder, as well as Mr. Walker's own understanding that the policy had expired.[7] *See* note 4, *supra*. Even though, as Plaintiff alleges, such willingness to renew was not communicated by Inter-Ocean to Plaintiff, the Court did not err when it found that Underwriters' notice to Inter-Ocean as Plaintiff's agent was sufficient to discharge its duty to give notice of its intent to renew. Plaintiff has not persuaded the Court to alter its finding that "Plaintiff cannot show that Underwriters was under any further duty," Mem. Op. (ECF No. 92) at 9, after the communication from Red Hook to Inter-Ocean. Underwriters' intent to renew obviated any requirement to give notice of non-renewal. The purported new evidence offered by Plaintiff as its basis for reconsideration is not of such importance that it "would alter the disposition of the case." *Interfaith Cmty. Org.*, 702 F. Supp. 2d at 317. Thus, the deposition testimony presented by Plaintiff does not qualify as newly discovered evidence to support reconsideration. Consequently, the Court finds no reason to reconsider its finding that that the policy expired under its terms and that Underwriters was under no obligation to give notice of non-renewal.[8]

---

[6] Plaintiff cites to *Piermount Iron v. Evanston Ins.*, 938 A.2d 134, 137 (N.J. Super. 2007), in support of its contention that Underwriters was required to give notice of nonrenewal. However, that case is inapposite, as 1.) it was reversed by the Supreme Court of New Jersey, *see Piermount Iron Works, Inc. v. Evanston Ins. Co.*, 197 N.J. 432 (N.J. 2009), and, more importantly, 2.) New Jersey has enacted strict insurance regulations governing the renewal/nonrenewal of insurance policies that are inapplicable to the matter currently before the Court. Moreover, the portion of the New Jersey Superior Court opinion quoted by Plaintiff speaks to the "*intent*" *of the insurer*. *See* ECF No. 223 at 5.

[7] As the Court notes in its Memorandum Opinion, "Plaintiff, in its First Amended Complaint, acknowledges that Red Hook sent Inter-Ocean notice of Underwriters' decision to renew and the expiration date of the 2017 policy. *See* FAC at ¶¶ 56, 74." Mem. Op. (ECF No. 92) at 8-9 and n.3.

[8] Regarding the issue of timeliness, the Court mentions that under Rule 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b).

Case: 3:21-cv-00074-RAM-GAT   Document #: 290   Filed: 03/24/25   Page 8 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 8 of 11

## B. Motion to Amend Complaint

In addition to its motions for reconsideration, Plaintiff filed a motion to amend its First Amended Complaint. *See* ECF No. 230. Plaintiff explains that it seeks to add only allegations concerning the "non-renewal" of the 2017 insurance policy. Mot. at 3-4. Rule 15(a) of the Federal Rules of Civil Procedure allows a party to amend its pleading and directs the Court to grant such leave "when justice so requires." As the United States Supreme Court has declared:

> In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the other party by virtue of allowance of the amendment, futility of amendment, etc.-- the leave sought should, as the rules require, be "freely given."

---

Local Rule 7.3 requires compliance with Rule 6.1(b)(3) of the Local Rules of Civil Procedure. Rule 6.1 governs time limits. Subparagraph (b)(3) of the Rule provides, in pertinent part: "Motions for reconsideration under Local Rule 7.3 shall be filed within 14 days after the entry of the applicable order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown." LRCi 6.1(b)(3). The orders at issue were entered in September and October 2022. Plaintiff filed its motions in April 2024, well beyond the 14-day period fixed by the Rules. Moreover, the record is devoid of any extension of time given, nor does Plaintiff request an extension of time within its motions to reconsider. Consequently, Plaintiff's motions are untimely.

Some courts in this circuit, where a local rule regarding motions for reconsideration is similar to the federal rule, have held that the time limitation in the local rule applies. *See, e.g., Pressley v. Huber*, CIVIL NO. 3:08-0449, 2017 U.S. Dist. LEXIS 120430, at *4 (M.D. Pa. Aug. 1, 2017) (where the court declares, "Local Rule 7.10, M.D.Pa., provides that a motion for reconsideration must be 'accompanied by a supporting brief and filed within fourteen (14) days after the entry of the order concerned.' 'Local Rule 7.10 applies to motions for reconsideration brought pursuant to Federal Rules of Civil Procedure 54(b) or 60(b).'" (quoting *Nittany Outdoor Advertising, LLC v. College Township*, 179 F. Supp. 3d 436, 439 M.D. Pa. 2016)); *DiNoia v. Cumbo*, Civ. No. 2:12-03175 (WJM), 2016 U.S. Dist. LEXIS 4683, at *3 (D.N.J. Jan. 14, 2016) (opining that, "[a]s a preliminary matter, Local Rule 7.1(i)'s 14-day time limit to move for reconsideration of an order likely governs Plaintiff's Rule 54(b) motion." (citing *Swift v. Pandey*, No. 13-650, 2014 U.S. Dist. LEXIS 92872, 2014 WL 3362370, at *2 (D.N.J. July 8, 2014)).

At the same time, other courts have applied the "any time before entry of a judgment" language of Rule 54. *See, e.g.*, *Harding v. Jacoby & Meyers, LLP*, Civil Action No. 14-5419; Civil Action No. 15-6559, 2021 U.S. Dist. LEXIS 113421, at *4-5 (D.N.J. June 16, 2021) ("In the District of New Jersey, motions for reconsideration are governed by Local Civil Rule 7.1(i). The rule provides that 'unless otherwise provided for by statute or rule,' such motions must be made within fourteen days of the entry of the order of which the party seeks reconsideration. L. Civ. R. 7.1(i). Rule 54(b) expressly permits a motion to be filed at any time. Fed. R. Civ. P. 54(b). Accordingly, the standard fourteen-day time limit does not apply to a motion for reconsideration filed pursuant to Rule 54." (citing *MZM Constr. Co., Inc. v. N.J. Bldg. Laborers' Statewide Benefit Funds*, No. 18-16328, 2019 U.S. Dist. LEXIS 136896, 2019 WL 3812889, at *11-12 (D.N.J. Aug. 14, 2019)); *see also Okulski v. Carvana, LLC*, CIVIL ACTION NO. 20-1328, 2021 U.S. Dist. LEXIS 103153, at *4 (E.D. Pa. June 2, 2021) (where the court determined that the local rule was inapplicable and, that reconsideration was permitted regardless of Rule 54(b), stating "'[S]o long as [a] district court has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so'" (quoting *In re Athanassious*, 418 F. App'x 91, 95 (3d Cir. 2011))). In the absence of any controlling authority in this jurisdiction regarding whether the 14-day time period in the local rule prevails, the Court will exercise its discretion and not dismiss the motions for untimeliness.

Case: 3:21-cv-00074-RAM-GAT Document #: 290 Filed: 03/24/25 Page 9 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 9 of 11

*Foman v. Davis*, 371 U.S. 178, 182 (1962). The Third Circuit notes:

> As this language suggests, "[a] liberal policy toward allowing amendment to correct errors in the pleadings clearly is desirable and furthers one of the basic objectives of the federal rules—the determination of cases on their merits." 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1474 (3d ed. 2008). Thus, leave to amend ordinarily should be denied only when amendment would be inequitable or futile.  See Great W. Mining & Mineral Co., 615 F.3d at 174.

*Schomburg v. Dow Jones & Co.*, 504 Fed. App'x 100, 103 (3d Cir. 2012).

First, as Inter-Ocean points out, the motion to amend is untimely. The scheduling order in this case set a June 15, 2023, deadline for seeking leave to amend pleadings. *See* Trial Management Order (ECF No. 128), entered March 27, 2023. Plaintiff filed its motion on April 9, 2024, nearly ten months out of time. Moreover, the record is devoid of any request to amend the scheduling deadlines, and Plaintiff fails to address the deadline in its memorandum of law in support of its motion, citing only Fed. R. Civ. P. 15(a) and the standards applicable thereunder. *See* ECF No. 231. In this circuit, however, "parties seeking to amend their complaint after a scheduling deadline has passed must first satisfy the 'good cause' standard of Rule 16(b). Once the party has demonstrated good cause, only then will the court consider their request to amend under the more liberal standard of Rule 15(a)." *Bolus v. Carnicella*, No. 4:15-CV-01062, 2020 U.S. Dist. LEXIS 196201, at *5-6 (M.D. Pa. Oct. 22, 2020). The Court finds that nothing in Plaintiff's memorandum in support of its motion to amend establishes good cause to amend the deadline contained in the Court's Trial Management Order.

Second, even if the proposed amendments "relate back" to the filing date of Plaintiff's original complaint under Fed. R. Civ. P. 15(c),[9] the Court agrees with Inter-Ocean that the

---

[9] "Where an amendment relates back, Rule 15(c) allows a plaintiff to sidestep an otherwise-applicable statute of limitations, thereby permitting resolution of a claim on the merits, as opposed to a technicality." *Glover v. FDIC*, 698 F.3d 139, 145 (3d Cir. 2011) (citing *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 130 S. Ct. 2485, 2494, 177 L. Ed. 2d 48 (2010)). Here, except for the breach of contract claim asserted against Underwriters, the claims against Underwriters and Red Hook all sound in tort. In the Virgin Islands, the statute of limitations for tort claims is two years. *See, e.g., Anthony v. FirstBank Virgin Islands*, 58 V.I. 224, 231 (Sup. Ct. 2013) (where the Court states, "[t]ort claims have a statute of limitations of two years." (5 V.I.C. § 31(5)(A)). Thus, any amendments regarding those claims must comply with Rule 15(c).

Without delving into a detailed analysis, the Court is of the opinion that the proposed amendments do not relate back because Plaintiff attempts to allege a new legal theory. As the Third Circuit explains, "[*O*]*nly* where the opposing party is given 'fair notice of the general fact situation and the *legal theory* upon which the amending party proceeds' will relation back be allowed." *Glover v. FDIC*, 698 F.3d 139, 145 (3d Cir. 2011)

Case: 3:21-cv-00074-RAM-GAT    Document #: 290    Filed: 03/24/25    Page 10 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 10 of 11

amendments proposed by Plaintiff are not new factual allegations; rather, the proposed amendments attempt to set forth and support a new legal theory -- that the 2017 insurance policy did not *expire*, but was *non-renewed*. However, as the Court explains herein, nothing in Plaintiff's motions to reconsider persuades the Court to alter or revise its finding that the 2017 insurance contract expired according to its terms.

Third, even if Plaintiff articulated "good cause" for the Court to accept the untimely motion, the Court would deny the motion based upon futility. The proposed Second Amended Complaint would not survive a motion to dismiss. Even though the standards for determining a motion to dismiss require the Court to "accept as true all the factual allegations contained in the complaint and draw all reasonable inferences in favor of the non-moving party," *Alston v. Parker*, 363 F. 3d 229, 233 (3d Cir. 2004), the Court also "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Here, the Court already has dismissed all the claims against Underwriters and Red Hook. As more fully set forth *supra*, Plaintiff's allegations concerning the "non-renewal" of the 2017 insurance policy are legal conclusions that are not entitled to the assumption of truth and do not support a different outcome than the one rendered by the Court.

Based upon the foregoing, the Court will deny the motion to amend.

### III.

For the reasons stated above, the Court finds that the evidence offered by Plaintiff does not qualify as newly discovered evidence for purposes of a motion to reconsider. Moreover, even if it did qualify, the Court finds that the evidence does not persuade the Court that it made an error in its Orders and Memorandum Opinions deciding Underwriters' and Red Hook's motions to dismiss and, thus, that Plaintiff is not entitled to reconsideration of those decisions. Finally, the Court further finds that Plaintiff has failed to establish good cause for the Court to consider its untimely motion to amend its First Amended Complaint,

---

(quoting " *Bensel v. Allied Pilots Ass'n*, 387 F.3d 298, 310 (3d Cir. 2004))), *quoted in Doe A.F. v. Lyft, Inc.*, CIVIL ACTION NO. 23-3990-KSM, 2024 U.S. Dist. LEXIS 185861, at *14 (E.D. Pa. Oct. 10, 2024) (emphasis added).

Case: 3:21-cv-00074-RAM-GAT    Document #: 290    Filed: 03/24/25    Page 11 of 11

*Virgin Grand Estates #60 Villa Ass'n v. Inter-Ocean Insurance Agency, St. Thomas, LLC*
Case No. 3:21-cv-0074
Memorandum Opinion
Page 11 of 11

and that, even if the Court were to consider the motion on its merits, the proposed complaint, as amended, would be futile. An appropriate order follows.

**Dated:** March 24, 2025                                         /s/ *Robert A. Molloy*
                                                                **ROBERT A. MOLLOY**
                                                                **Chief Judge**