**DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | | |
|---|---|---|
| **VIRGIN GRAND ESTATES #60 VILLA ASSOCIATION a/k/a VIRGIN GRAND NO. 60 HOMEOWNERS ASSOCIATION,** | ) | |
| **Plaintiff,** | ) | **Case No. 3:21-cv-00074** |
| **v.** | ) | |
| **INTER-OCEAN INSURANCE AGENCY, ST. THOMAS, LLC, *et al.*,** | ) | |
| **Defendant.** | ) | |

**ORDER**

**BEFORE THE COURT** is Plaintiff's Motion and Brief in Support of Pre-Judgment Interest Under Rule 59(e) and for Post-Judgment Interest under Rule 60(b) (Dkt. No. 284), filed February 2, 2025. Defendant filed a response to the motion (*see* Dkt. No. 287), and Plaintiff filed a reply thereto. *See* Dkt. No. 289. Upon review of the written submissions of the parties and upon due consideration thereof, the Court will grant the motion.

**I.**

In this matter, Plaintiff seeks an award of pre- and post-judgment interest on the Judgment issued on January 31, 2025, in the amount of $102,500.00. Dkt. No. 283.

**A. Pre-Judgment Interest**

Plaintiff cites Federal Rule of Civil Procedure 59(e) as the basis for its request for an award of pre-judgment interest. However, as Plaintiff is aware,[1] in this diversity case, the Court applies Virgin Islands law to the issue of pre-judgment interest, which is governed by 11 V.I.C. § 951(a). Section 951(a) provides:

> The rate of interest shall be nine (9%) per centum per annum on—
>
> (1) all monies which have become due;
>
> (2) money received to the use of another and retained beyond a reasonable time without the owner's consent, either express or implied;

[1] Curiously, Plaintiff acknowledges this point, then cites a Third Circuit case resolving an appeal from the United States District Court of the Western District of Pennsylvania. Mot. at 7.

(3) money due upon the settlement of matured accounts from the day the balance is ascertained; and

(4) money due or to become due where there is a contract and no rate is specified.

11 V.I.C. § 951(a). It cannot be disputed that pre-judgment interest is awarded "'[o]nly where the amount due is in money and therefore easily ascertainable.'" *Antilles Ins. v. James*, CIV. APP. NO. 1992-27, 1994 U.S. Dist. LEXIS 9623, at *48 (D.V.I. 1994) (quoting *Remole v. Sullivan,* 20 V.I. 434, 438 (V.I. Terr. Ct. 1984)); *see also Bookworm, Inc. v. Tirado*, 44 V.I. 300, 305 (V.I. Terr. Ct. 2002) ("Section 951(a) of Title 11 provides for awards of prejudgment interest in situations where the amount due is easily ascertainable.") (citing *Antilles Ins. v. James*, 30 V.I. at 256). As this Court has stated, "all damages must be certain before prejudgment interest begins to accrue." *RLF Nazareth, LLC v. York RSG (Int'l), Ltd.*, Case No. 3:19-cv-0071, 2024 U.S. Dist. LEXIS 55010, at *15 (D.V.I. 2024).

Although some Virgin Islands cases have held that an award of pre-judgment interest is left to the discretion of the court, *see, e.g., High Times VI Enterprises, LLC v.* Rahhal, 74 V.I. 304, 313-14 (V.I. Super. Ct. 2021) (quoting *Williams v. Edwards*, ST-12-CV-175, 2017 V.I. LEXIS 105, at *6 (V.I. Super. Ct. 2017) (quoting *Isaac v. Crichlow*, 63 V.I. 38, 69 (V.I. Super. Ct. 2015 (other citations omitted)) (internal quotation marks omitted), the Virgin Islands Supreme Court definitively held in *Vlaun v. Briscoe*, 77 V.I. 436 (V.I. 2022), that pre-judgment interest is mandatory under Section 951(a). *Id*. at 446-47 (citing *Addie v. Kjaer*, 836 F.3d 251, 445 and n. 6 (3d Cir. 2016)).

The *Vlaun* court considered a settlement agreement with a payment date. Here, no specific payment date is specified, but when the Second Amended Offer of Judgment (Dkt No. 261-1) was accepted, the amount of money due became certain and ascertainable. Thus, the Court will award pre-judgment interest from August 29, 2024, the date Plaintiff accepted Defendant's offer of judgment, to January 31, 2025, the date judgment was entered by the Court. *See* Judgment (Dkt No. 283), entered January 31, 2025. The Court, therefore, will award Plaintiff pre-judgment in the amount of $3,917.47.[2]

[2] The Court arrives at this figure by using the following calculation: ((($102,500) x 0.09) divided by 365 days) times 155 days (August 29, 2024 through to January 31, 2025)).

### B. Post-Judgment Interest

Unlike pre-judgment interest, post-judgment interest in a District Court, even one sitting in diversity, is governed by federal law, namely, 28 U.S.C. § 1961. *See, e.g., Werremeyer v. Shinewide Shoes, Ltd*., Civil Action No. 19-10228 (GC) (JBD), 2023 U.S. Dist. LEXIS 228320, at *3 (D.N.J. Dec. 22, 2023) ("'Post-judgment interest in federal court,' on the other hand, 'is governed by 28 U.S.C. § 1961, even in matters arising under diversity jurisdiction.'") (quoting *USI Int'l Inc. v. Festo Didactic Inc.*, Civ. No. 15-8451, 2023 U.S. Dist. LEXIS 103646, 2023 WL 3996360, at *4 (D.N.J. June 14, 2023) (citation omitted)). Section 1961 provides, in relevant part:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[.] the date of the judgment. . . .
>
> (b) Interest shall be computed daily to the date of payment except as provided in section 2516(b) of this title and section 1304(b)(1) of title 31, and shall be compounded annually.

28 U.S.C. § 1961 (a)-(b). As mentioned above, the Court issued its Judgment based on the parties' Offer of Judgment on January 31, 2025, in the amount of $102,500.00. *See* Dkt. No. 283. The weekly average 1-year constant maturity Treasury yield rate was 4.17% on January 31, 2025.[3] Thus, the Court will award Plaintiff post-judgment interest in the amount of $6,817.65.[4]

## II.

Based upon the foregoing, the Court finds that Plaintiff is entitled to an award of pre-judgment and post-judgment interest. Accordingly, it is hereby

---

[3] *See* U.S. Department of Treasury – Daily Treasury Rates website at https://home.treasury.gov/resource-center/data-chart-center/interest-rates/TextView?type=daily_treasury_yield_curve&field_tdr_date_value=2025 (last visited on Sept. 8, 2026).

[4] The Court arrives at this figure by using the following calculation: (($102,500) x 0.0415) divided by 365 days) times 585 days (Jan. 31, 2025 through to Sept. 8, 2026). At this rate, interest will accrue at a rate of $11.65 per day.

**ORDERED** that Plaintiff's Motion and Brief in Support of Pre-Judgment Interest Under Rule 59(e) and for Post-Judgment Interest under Rule 60(b), Dkt. No. 284, is **GRANTED**; it is further

**ORDERED** that Defendant **SHALL** pay to Plaintiff pre-judgment interest in the amount of $3,917.47; it is further

**ORDERED** that Defendant **SHALL** pay to Plaintiff post-judgment interest in the total amount of $6,817.65.

**Dated:** September 8, 2026

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**